## THAYER v. HAMLIN.

## SAME v. THOMPSON.

(Supreme Court, Appellate Term.  May 15, 1908.)

DAMAGES—BREACH OF CONTRACT.

The measure of damages for defendant's breach of contract to board at plaintiff's boarding house for a specified period at a specified price per week is the loss of profits sustained by plaintiff, arrived at by deducting from the contract price the cost to plaintiff of boarding defendant had he remained during the period.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 209.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Actions by George C. Thayer against Theodore W. Hamlin, and by the same plaintiff against Mattie J. Thompson. From judgments in each action for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Wingate & Cullen, for appellants.
Adolph Ruger, for respondent.

PER CURIAM.  These actions were tried together under a stipulation, and were brought by plaintiff to recover damages for breach of a contract for board and lodgings.  Plaintiff claimed that, in consideration of a special rate of $30 per week for defendant Thompson and $35 for defendant Hamlin and wife, the defendants engaged rooms and board at his boarding house for the season from June 1 to October 1, 1907; that they entered into possession by placing their belongings in the rooms on June 1st, but failed to appear in person until June 14th, and voluntarily and without cause left their rooms shortly before the 1st of September, and have failed and refused to pay for either the two weeks in June or for the month of September; that plaintiff was unable to find any other person to occupy their rooms, and in consequence sustained a loss in the case of the defendant Thompson of $180 and in the case of the defendant Hamlin of $210, for which the trial court has given plaintiff judgments.  The defendants deny that they agreed to pay for the time that they did not occupy the rooms at plaintiff's boarding house, and claim that they have paid in full for board and lodging.  Accepting the facts to be as claimed by the plaintiff, we are of opinion that the court below failed to apply the proper rule of damages.  The plaintiff is only entitled to the loss of profits which resulted from the failure of defendants to complete their contract.  This would be the difference between the contract price and the cost to plaintiff of boarding the defendants, had they remained during the period in suit, which cost to plaintiff was saved by the absence of defendants from plaintiff's premises.  Wilkinson v. Davies, 146 N. Y. 25, 40 N. E. 501.  There is nothing in the evidence upon which to base even a remote estimate of such cost, which failure of proof requires a new trial.

Judgments reversed, and new trial ordered, with costs to appellants to abide the event.