### SCHLESINGER v. RITCHIE et al.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. CONTRACTS (§ 303*)—NONPERFORMANCE—EXCUSE.

   A contractor was excused from full performance of the work by the owners breaking an agreement to pay for the work as it progressed.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1426; Dec. Dig. § 303.*]

2. DAMAGES (§ 124*)—BREACH OF CONTRACT—MEASURE.

   Where a contractor abandoned the work on the owners failing to pay as the work progressed, as agreed, he could recover as damages such profits as would result from full performance.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 333; Dec. Dig. § 124.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Max Schlesinger against Henry A. Ritchie and another, partners as Henry A. Ritchie & Co.   From a judgment for plaintiff, defendants appeal.   Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Stern, Christiancy & Riegelman, for appellants.

Maurice Meyer, for respondent.

PER CURIAM. The plaintiff brought this action for work, labor, services, and materials under a contract calling for the erection and construction of a balcony, four fitting rooms, a cashier's desk, and a stock, a packing, and a cutting table, in the Hudson Terminal Building, at the agreed price of $1,050. He did not complete the work, even substantially. He claims to excuse his nonperformance by the defendants' refusal to pay according to the agreement, which, as he testifies, was that the defendants, copartners, undertook to pay about $200 in cash, and the balance in notes during the progress of the work; that he was to get the cash during the job, but on no specified day; that he received a $300 90-day note, but that upon his demand for cash on a particular day the defendants said they "wouldn't give him a damn cent until the job was finished." The refusing answer, even to phraseology, was admitted by the defendants, who, contradicting the plaintiff's version of the agreement, said the job was to be paid for when done, and that they had given the note as a favor. Having credited the plaintiff's story, as the judgment shows, the learned trial justice could but find a breach by the defendants, which absolved the plaintiff from further performance and entitled him to abandon the work and to recover by way of damages such profits as would result to him from a complete performance, and thereupon award him the difference between the contract price and the estimated cost of the unperformed work. Moore v. Taylor, 42 Hun, 45, 57.

Judgment affirmed, with costs.