#### SHEINART v. RITCHIE et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. ACTION (§ 45*)—JOINDER—SEPARATE CAUSES.

 An action on a contract for labor and materials and an action for extra work, labor, etc., though separate causes of action, may be joined in one complaint, where they are owned by the same party.

 [Ed. Note.—For other cases, see Action, Cent. Dig. § 431; Dec. Dig. § 45.*]

2. ACTION (§ 53*)—SPLITTING CAUSES OF ACTION.

 An action on a contract for labor and materials and an action for extra work being separate causes of action, an action brought by the assignee of the claim for extra work, etc., was not objectionable as infringing the rule against splitting causes of action.

 [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 593–623; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis A. Sheinart against Henry A. Ritchie and others. From a Municipal Court judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Stern, Christiancy & Riegelman, for appellants.

William Weiss, for respondent.

PER CURIAM. The plaintiff herein, as assignee of one Schlesinger, the plaintiff in another action against these defendants upon a contract for work, labor, services, and materials, and determined by this court at the present term (115 N. Y. Supp. 116), brought this action to recover for extra work, labor, etc., not contemplated by the original contract of his assignor, although upon and in connection with the work that he had expressly contracted to do for the defendants at the same place. Had the assignor of the plaintiff retained, instead of assigning, this particular claim, undoubtedly he could have united it in his own complaint with his other claim, but it would have been a separate cause. As the trial justice has found, by finding in favor of the plaintiff herein, that it was a separate claim and a separate cause, and so not offensive to the general rule that causes must not be split, his determination should be affirmed, as the finding of the facts warrants no interference by this court.

Judgment affirmed, with costs.