ASHTON v. MARGOLIES.

(Supreme Court, Appellate Term. May 23, 1911.)

1. INNKEEPERS (§ 12*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.
   Where plaintiff leased to defendant an apartment in a hotel for $70 per week, inclusive of board for defendant, his wife, baby, and nurse, the furnishing of the board was not merely incidental to the renting of the premises; and, on breach of the contract by defendant, plaintiff was entitled to recover only the difference between the agreed price and the cost of furnishing board to defendant and his family, had the latter remained.
   [Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 41; Dec. Dig. § 12.*]

2. LANDLORD AND TENANT (§ 5*)—CREATION OF RELATION.
   An agreement for the letting of an apartment in an apartment hotel ordinarily creates the relationship of landlord and tenant between the parties; but a contract to furnish a room and board for four people for a stated sum does not create the relation.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 3-12; Dec. Dig. § 5.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frederica Ashton against Edward Margolies. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Max D. Steuer (G. B. Rosenheim, of counsel), for appellant.
Furst & Furst (Arnold S. Furst, of counsel), for respondent.

GUY, J. The defendant appeals from a judgment rendered in favor of plaintiff by the court, acting without a jury, in an action brought to recover rent of a suite of rooms in the Hotel Ashton, in this city. The contract between plaintiff and defendant consisted of correspondence. On September 22, 1910, the defendant appellant wrote the plaintiff respondent as follows:

"Confirming our conversation over telephone, I would state that I will pay $70 per week for your four rooms and bath on the ninth floor; these rooms being for my wife, baby, nurse, and myself. I also wish to state positively that we will stay there until the 1st of April."

To which, on the same date, the plaintiff respondent wrote in reply as follows:

"Wish to confirm the receipt of your letter dated September 22d, and the arrangements made to rent you apartment No. 90, consisting of four rooms and bath, on the ninth floor, at the weekly rate of $70.00, *inclusive of board for your wife, yourself, baby, and nurse.* * * * It is understood that you will take the apartment from October 5th, and keep the same until April 1st or longer."

The defendant entered into possession of the rooms on or about the 5th of October, and continued to occupy them until December 24, 1910, on or about which day he removed from the apartment, on the ground that the landlord had broken his agreement by reason of his failure to give suitable and proper service and to properly take care of the apartment. At the trial the defendant introduced evidence on this point, and the learned court, in its opinion filed herein, held that defendant had not successfully established this defense. The plaintiff offered no proof of the cost of the board, which she had agreed to supply to the defendant and his family. At the close of the case defendant moved to dismiss the complaint on the ground that the plaintiff had failed to show facts constituting a cause of action, which motion was denied, and an exception taken by the defendant. The court then rendered judgment in favor of plaintiff for the full amount of the agreed price for the term sued for, namely, two weeks, at $70 per week, holding, in the opinion filed, that:

"The burden of proof was upon the defendant to prove by way of counterclaim that the plaintiff's damages should be reduced by a deduction on account of the fact that the plaintiff was not obliged to furnish board to the defendant during the time sued for."

[1] The appellant contends that the contract upon which this action is based did not create the relationship of landlord and tenant between the parties, but was a contract for the furnishing of board,

together with the use and occupancy of the premises in question, for an agreed price covering both rooms and board for four people; that the furnishing of board was not a mere incident to the letting of the rooms or apartment, but was a substantial and material part of the contract, and plaintiff can, therefore, only recover such damage as she suffered by reason of defendant's breach, namely, the price agreed upon, less the actual cost of the board, which plaintiff would have incurred, had the contract been performed.

The respondent, on the other hand, contends that the contract did establish the relationship of landlord and tenant, inasmuch as the plaintiff surrendered possession and absolute control of the apartment in question to the defendant, and cites in support of his contention Mc-Adam on Landlord & Tenant (4th Ed.) p. 128, to the effect that:

"While an agreement for rooms and board does not create the relation [of landlord and tenant]; the hiring of rooms, where board is but an incident, may create it."

And again (page 132):

"Where rooms are let as the principal subject-matter, and the board is a mere incident of the hiring, the relation of landlord and tenant may be created."

Respondent also cites Porter v. Merrill, 124 Mass. 534, where the court held that an agreement which divested the owner of the legal custody and control of the rooms, and vested such legal custody and control in the party with whom the owner contracted, established the relationship of landlord and tenant. It is to be noted, however, that in the case last cited the agreement to furnish board did not enter into and form part of the consideration for which the agreed price was to be paid, but the board was to be furnished and paid for separately.

[2] While it is true, as contended by the respondent, that an agreement for the letting of an apartment in an apartment hotel ordinarily creates the relationship of landlord and tenant between the parties, and while it is also evident that the ordinary relationship between an innkeeper and his guest did not exist between these parties, because of the surrender by the plaintiff of the custody and control of the apartment in question to the defendant, it is equally true that the contract in question here is not analogous to an ordinary lease of premises. The plaintiff did not lease the apartment for a stipulated rental of $70 per week, with a collateral agreement to furnish board to defendant and his family; but it is expressly stipulated in the contract that the consideration for which the $70 per week was to be paid was *"inclusive of board for your wife, yourself, baby, and nurse."* The furnishing of the board, therefore, was not merely incidental to the renting of the premises, but was, in fact, a very substantial, if not the most substantial, part of the contract. It would seem, therefore, that the rule as to the measure of damages for breach of such a contract should be that which is applied generally in actions brought to recover damages for breach of contract, namely, that the plaintiff should be awarded only such damages as he is shown to have sustained by reason of defendant's breach, which, under a contract of this

kind, would be the difference between the agreed price and the cost to plaintiff of furnishing board to defendant and his. family, which plaintiff would have incurred had defendant and his family remained during the period in suit. Thayer v. Hamlin and Thayer v. Thompson, 59 Misc. Rep. 171, 110 N. Y. Supp. 244; Wilkinson v. Davies, 146 N. Y. 25, 40 N. E. 501.

It is evident from the opinion of the learned trial justice, and from the amount of the judgment rendered herein, that an erroneous measure of damage was applied.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

