(83 Misc. Rep. 442)

### LOTOS ADVERTISING CO. v. GOLDEN PERFUME CO.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

DAMAGES (§ 182[*])—EMPLOYMENT CONTRACT—EVIDENCE IN REDUCTION OF DAMAGES.

> In an action for breach of a contract, whereby defendant created plaintiff its sole agent to sell certain articles, plaintiff to receive "a service fee" of not less than $100 a month to continue during the contract, it was error to exclude evidence of the expense to plaintiff of performing the contract had it not been repudiated by defendant; the measure of plain-

---

tiff's damages being the net amount to which it would have been entitled under the contract after deducting such expenses therefrom.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 473, 500; Dec. Dig. § 182.*]

Appeal from City Court of New York, Special Term.

Action by the Lotos Advertising Company against the Golden Perfume Company. From an order denying defendant's motion for new trial after directed verdict for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Merle I. St. John, of New York City, for appellant.

Sternberg, Jacobson & Pollock, of New York City, for respondent.

GUY, J.   Plaintiff sues to recover moneys due under a written contract entered into between plaintiff and defendant on June 14, 1912, whereby defendant created plaintiff its sole agent to sell its "Golden Bath Powder" and other trade-marked articles; the plaintiff to receive "a service fee" of not less than $100 a month, to continue during the entire duration of the contract. The evidence shows that plaintiff rendered services, pursuant to said contract, during the months of June, July, and August; that the defendant refused to pay plaintiff the compensation which became due on July 15 and August 15, 1912, respectively; and that an action was brought therefor in the Municipal Court, which resulted in a judgment for plaintiff, which judgment was paid prior to the commencement of this action. Plaintiff continued to perform services under the contract until August 29, 1912, on which date the defendant by letter (plaintiff's Exhibit 4) notified plaintiff that it repudiated the contract and left plaintiff to its legal remedies. The present action is brought to recover damages for breach of contract based upon defendant's repudiation thereof. The defendant, on the trial, endeavored to introduce evidence tending to show, for the purpose of reducing the damage, that the plaintiff, under the terms of the contract, would have been compelled to incur large expenses, from which, by the repudiation of the contract, it was relieved; in other words, that its net earnings under the contract, had the same been fully performed by plaintiff and not repudiated by defendant, would have been its earnings under the contract, less the expenses necessarily incurred by it. This evidence was excluded, under defendant's exception, and the exclusion of such evidence furnishes the defendant appellant's ground of appeal. It is evident that the learned trial justice erred in excluding evidence of this character. Upon the repudiation of the contract by defendant, plaintiff became entitled to recover such sum, and such sum only, as represented the benefits it would have derived from the performance of the contract. While the contract provides for a minimum compensation of $100 per month, this minimum payment is predicated upon the performance by plaintiff of all its obligations under the contract; and if such performance by plaintiff, under the terms of the contract, necessarily required the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penditure of money for the employment of salesmen and other purposes, including advertising, the plaintiff's damage, resulting from defendant's breach of contract, could be only the net amount plaintiff would have been entitled to under the contract after deducting therefrom the expenses it would have necessarily incurred in performing the contract. Schlesinger v. Ritchie, 115 N. Y. Supp. 116. This form of contract differs in character from contracts for personal services with an agreed minimum compensation therefor. It is analogous to a contract for work to be performed or materials to be furnished at a stipulated price. The rule as to measure of damages for breach of such a contract should be that which is applied generally in actions brought to recover damages for breach of contract; i. e., the plaintiff should be awarded only such damages as it is shown to have sustained by reason of defendant's breach. Ashton v. Margolies, 72 Misc. Rep. 70, 129 N. Y. Supp. 617.

For these reasons the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.