THE PORT JERVIS WATER WORKS COMPANY, Respondent, *v.* THE VILLAGE OF PORT JERVIS, Appellant.

*Municipal corporation — water furnished for public uses — implied contract.*

A municipal corporation possessing power to make contracts for a supply of water for public uses may, in the absence of an express contract, be bound by an implied contract to pay the value of water furnished to it for public uses.

APPEAL by the defendant, the Village of Port Jervis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Orange county on the 18th day of February, 1891, upon the decision of the court rendered after a trial by the court at the Orange Special Term.

*Lewis E. Carr*, for the appellant.

*Wm. H. Crane*, for the respondent.

DYKMAN, J. :

This action was for the recovery of the value of water furnished by the plaintiff to the defendant for sprinkling the streets of the village, the public fountains, water troughs, jail and hose house, from the 1st of May, 1886, to the 1st of May, 1889.

The case was tried before a judge without a jury, and he rendered a judgment in favor of the plaintiff for the full amount of the claim. The defendant has appealed from the judgment. The facts are practically undisputed, and the defense to the action proceeds upon the absence of an agreement, or the want of power to incur the liability, the finality of the action of the auditing board rejecting the claim and the want of funds.

There is no destitution of power in the municipal authority of this defendant to make contracts for a supply of water for public use in the village, and no limitation of such power inside of the public necessities. There was no contract for the water out of which this claim arises, yet it was furnished and the law will justify an implication of a contract for the payment of its value.

Municipal corporations may be bound upon contracts implied from sufficient facts. "The doctrine of implied municipal liability applies to cases where money or other property of a party is received under such circumstances that the general law, independent of express contract, imposes the obligation upon the city to do justice with respect to the same." (*Nelson* v. *Mayor*, 63 N. Y. 544.)

"That corporations may be bound upon implied contracts made by its agents and to be deduced from corporate acts without a vote of the governing body, is now well settled." (*Kramrath* v. *Albany*, 127 N. Y. 581.)

To the same effect is Dillon on Municipal Corporations, section 383.

The claim of the plaintiff was before the governing body, the defendant, and it was just.

There was sufficient authority in the charter to enable the officers to pay the amount, but they refused to do so, and neglected to put the proper machinery in operation to raise the funds to pay the claim, and, under such circumstances, the law furnishes the creditor with a remedy by action.

Judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.