CAROLINE S. WILKINSON, Respondent, *v.* HENRY EUGENE DAVIES, as Administrator, etc., Appellant.

Plaintiff leased to D., defendant's intestate, certain rooms in her house, with table board for himself and family, for a term stated, for seventy dollars per week, "with no deduction in case of absence." D. entered into possession, but soon thereafter abandoned the premises, which remained vacant for a time, and then were re-let. In an action to recover for the time the rooms remained vacant, *held*, that plaintiff's measure of damages was not limited to the profits she would have made had D. carried out his contract, but that she was entitled to recover the contract price.

(Argued April 17, 1895 ; decided April 30, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, endered upon an order made December 12, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Byron Travers* for appellant. The rule of damages applied by the trial court was an erroneous one. All that plaintiff could recover was the profits she would have made had defendant carried out his contract. There was no evidence in the case from which such profits could be computed, and hence plaintiff should have recovered only nominal damages. (*Appleby* v. *Ins. Co.*, 54 N. Y. 253, 260 ; *Parr* v. *Village of Greenbush*, 112 id. 246 ; *Butler* v. *Butler*, 77 id. 472, 475 ; *Lord* v. *Thomas*, 64 id. 107 ; *Clark* v. *Marsiglia*, 1 Den. 317 ; Sedg. on Dam. [8th ed.] §§ 609, 610, 613, 618; *Devlin*

v. *Mayor, etc.,* 63 N. Y. 8; *Kidd* v. *McCormick,* 83 id. 391; *Wakeman* v. *W., etc., Mfg. Co.,* 101 N. Y. 205; *Kelly* v. *F. B. C. Co.,* 67 Barb. 183; *Lydecker* v. *Valentine,* 71 Hun, 194; *De Lavellette* v. *Wendt,* 11 id. 432; *Wetmore* v. *Jaffray,* 9 id. 140; *Wilson* v. *Martin,* 1 Den. 602; *Spencer* v. *Halstead,* Id. 606; *Tuers* v. *Tuers,* 100 N. Y. 196, 202; *Hemingway* v. *Poucher,* 98 id. 281; *T. N. Bank* v. *Darragh,* 3 T. & C. 138.) The judgment cannot be sustained because the agreement provided that "there should be no deduction from the contract price per week in case of absence." (*Dwight* v. *G. Ins. Co.,* 103 N. Y. 341; *Groat* v. *Gile,* 51 id. 431; *Pardee* v. *Fish,* 60 id. 265, 269.) The questions asked by plaintiff's counsel, attempting to prove her profits, were properly excluded. (*Tooley* v. *Bacon,* 70 N. Y. 34; *West* v. *Van Tuyl,* 119 id. 620; *Clark* v. *Post,* 113 id. 17, 27; *Vanderslice* v. *Newton,* 4 id. 130; *Wintermute* v. *Cooke,* 73 id. 107; *Squier* v. *Gould,* 14 Wend. 159; *Molony* v. *Dows,* 15 How. Pr. 261; *Parsons* v. *Sutton,* 66 N. Y. 96; *Thompson* v. *Gould,* 16 Abb. Pr. [N. S.] 424; *T. Co.* v. *Bradshaw,* 20 Ill. App. 1; *Milbank* v. *Jones,* 141 N. Y. 340; *Goodwin* v. *Wertheimer,* 99 id. 149; *Bruce* v. *Burr,* 67 id. 237; *Wangler* v. *Swift,* 90 id. 38.)

*William D. Leonard* for respondent. The complaint was good, and the motion to dismiss was properly denied. (*Kenney* v. *N. Y. C. R. R. Co.,* 49 Hun, 435; *Thayer* v. *Marsh,* 75 N. Y. 340.) The evidence establishes the cause of action. (*Wetmore* v. *Jaffray,* 9 Hun, 140.) Defendant cannot be heard to complain that plaintiff has failed to prove what it would have cost her to perform the contract. (*Bethell* v. *Matthews,* 13 Wall. 1.)

HAIGHT, J. This action was brought to recover for board and lodging furnished by the plaintiff to the defendant's intestate, Henry E. Davies.

It appears that the plaintiff let to Davies rooms on the second floor of her residence, No. 34 West 51st street in the

city of New York, consisting of a parlor, two bed rooms and connecting bath for the occupancy of himself and family, consisting of a wife and son, from the 5th day of November, 1890, to the first day of June, 1891, with table board for the sum of $70 per week *with no deduction in case of absence;* that Davies entered into possession of the premises at the time mentioned and continued until Thanksgiving day, at which time he abandoned the premises and went away. The premises remained vacant until the first of January, at which time the plaintiff re-let them to four people for $75 per week. Davies paid for the time that he occupied the premises and no longer. A verdict was directed in favor of the plaintiff for the time that the premises remained vacant at $70 per week, the contract price.

The appellant contends that an improper measure of damages was adopted, and that all that the plaintiff could properly recover under the circumstances were the profits she would have made had Davies carried out his contract. This would doubtless be the rule as to the measure of damages. were it not for the provisions of the contract that no deduction should be made in case of absence. Here we have an express provision fixing the term, the amount to be paid per week without deduction, etc. Under such a contract we think the price agreed upon becomes the proper measure of damages. In this connection it is further contended that the provision " with no deduction in case of absence " should be construed to mean that there should be no deduction so long as Davies kept his agreement, but this construction would permit. Davies to avoid the provisions of the contract by his own breach thereof, and such it does not appear to us was the intention of the parties. But suppose we should so construe it. We find no evidence in the record that Davies ever terminated the contract, or that he gave notice that he would no longer occupy the premises. He left and went away, it is true, but he might have returned the next day, the next week, or even the next month, and continued his occupancy of the premises, and the plaintiff in the meantime would be required to keep his.

rooms ready for him. Under such circumstances it would appear to be unjust to deprive the plaintiff of the benefit of her contract.

It further appears that upon the trial the plaintiff offered to show her profits from the people that occupied the premises after the first of January, and as to whether they were greater or less than that which she would have derived from Davies had he continued to occupy them. This was objected to by the defendant without stating any grounds for the objection, and the same was sustained. She further attempted to show what it would have cost her per week to provide table board for Davies and his family. This was also objected to by the defendant and the evidence was excluded. Had this evidence been received it might have appeared that the plaintiff's profits from the four boarders after the first of January were the same as they would have been had Davies and his family continued to occupy the premises, and that the plaintiff's expenses in providing table board for Davies and his family were $15 or $20 per week, from which a deduction might have been made from the contract price of $70 per week. But the defendant interposed an objection to this evidence and caused it to be excluded. After so excluding it, we think he is in no position to insist that the plaintiff's recovery be limited to her profits. As we have seen, no ground was stated for the objections to the evidence. The complaint was in due form to recover for board and lodging. If, upon the trial, the plaintiff consented to forego her claim to the contract price of $70 per week without deduction in case of absence, and permit a deduction therefrom of her costs for table board, the defendant ought not to complain, or be permitted to defeat her right to recover, because the complaint did not demand that particular measure of relief.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.