(48 App. Div. 401.)

ALEXANDER v. O'HARE et al.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. CONTRACTS—ACTION—PLEADING AND PROOF.
   Under an averment that the contract sued on had been fully performed, plaintiff is not entitled to prove a subsequent modification of such contract, and a performance in accordance therewith.

2. SAME—REVERSIBLE ERROR.
   Where plaintiff averred that the written contract sued on had been fully performed, it was reversible error to admit evidence of an excuse for nonperformance in accordance therewith, where such evidence, in all probability, led the referee to find a substantial performance by plaintiff.

Appeal from special term, Albany county.

Action by Wilbur Alexander against Frank O'Hare and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Bailey & Dugan (P. C. Dugan, of counsel), for appellants.
Edward J. Meegan, for respondent.

PARKER, P. J. The plaintiff seeks to recover the balance due upon a contract for furnishing materials and building a house for the defendants. He avers in the complaint that the price to be paid was $2,373; that he has fully performed upon his part, according to the specifications contained in the contract; and that a bal-

ance of $375 is still unpaid and due him thereon. He also claimed for some extra work done thereon. The answer denies that the plaintiff has performed on his part, and sets forth many instances wherein the work varies from the specifications, and many where work required by such specifications has not been properly done, and some where it has not been done at all. It also, by way of counterclaim, demands damages for such failures and omissions. The referee finds, as a fact, that the plaintiff has substantially performed the contract on his part, and allows him to recover for the balance due, and also for some extras; less, however, the sum of $99.15 allowed the defendants as a counterclaim for damages on account of omissions and bad work. The evidence discloses many instances wherein the work is not performed in accordance with the requirements of the contract,—some of them slight departures or entire omissions, which may be ascribed to inadvertence on the plaintiff's part,—but there are also some departures and omissions from the specifications that cannot be considered slight or the result of an oversight. I cannot but consider them a failure to substantially perform as the contract required. In my judgment, the referee's finding in that respect cannot be sustained by the evidence before us. This failure to perform is, however, sought to be excused by the plaintiff upon the ground that all such departures and omissions were sanctioned and acquiesced in, as the work progressed, by the defendants or their authorized agent, and evidence was given, under the defendants' objection, tending to establish such fact. The referee, however, has made no distinct finding upon that question. He seems to have based his decision upon the theory that the contract was substantially performed. And yet, having admitted evidence of an excuse for nonperformance according to the written contract, it is quite possible that the substantial performance to which he refers is a performance in accordance with the amendments and changes which the plaintiff claims were from time to time made therein.

The objection was taken by the defendants that evidence of any such changes was inadmissible under the complaint; that, under an averment that the contract had been fully performed, the plaintiff was not at liberty to prove a subsequent modification of the contract, and a performance in accordance therewith. This objection was well taken. La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75. And, as the admission of such evidence has in all probability influenced the referee in his decision, it was reversible error to receive it.

The plaintiff insists that this issue was fairly in the case, because it was presented by the reply to the counterclaim in defendants' answer. But the reply, fairly construed, does not present any such issue. It refers entirely to a change in the written specifications, and not to the work done by the plaintiff. The specifications, as first drawn, were changed by consent of both parties before the contract was executed, and as so changed were a part of and annexed to the contract set forth in the complaint. And the evidence objected to tended to show an excuse for not performing according to

such specifications in their modified form. The specifications annexed to the answer, the plaintiff claimed, were not set forth in accordance with such change, and it is to such change that the reply refers. Clearly, there is no statement in the reply notifying the defendants that the plaintiff would claim on the trial that the numerous omissions and departures which the answer particularly set forth, and which were omissions and departures from the modified specifications annexed to the contract, were all made under an arrangement with the defendants modifying the contract in those respects. Under the pleadings, that issue as presented on the trial was an unexpected one to the defendants, and the evidence given upon it should not have been received.

Moreover, I am not entirely satisfied that any of the substantial omissions and departures from the contract were authorized by the defendant. He strenuously denies that they were, or that the foreman, Cain, had any authority to speak for him thereon. For these reasons, I conclude that the judgment must be reversed.

Judgment reversed upon the law and facts, referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.