(34 Misc. Rep. 658.)

### TRIBUNE ASS'N v. EISNER & MENDELSON CO.

#### (Supreme Court, Trial Term, New York County. April, 1901.)

1. ACTION FOR SERVICES.
    Where plaintiff sues for services rendered, and alleges performance of contract, it cannot recover, where such performance is denied, by proving an excuse for nonperformance.

2. SAME—QUANTUM MERUIT.
    Where an executory contract for services for a fixed period is entered into, and, after a dispute as to its terms, the parties agree to terminate it, and the contractor renders further services, he may recover on a quantum meruit.

3. SAME—COUNTERCLAIM.
    Where parties enter into an executory contract, and the contractor sues thereon, and there is evidence of its termination, a counterclaim de- pendent on the contract falls with it.

Action by the Tribune Association against the Eisner & Mendel- son Company. Judgment for plaintiff on its second cause of action.

Sackett, Bacon & McQuaid, for plaintiff.
Julius J. Frank, for defendant.

McADAM, J. For a first cause of action, the plaintiff alleged the making of a contract with the defendant, November 10, 1893, by which the plaintiff agreed to insert in its newspaper 30,000 lines of defendant's advertising, within 16 months from the date of the con- tract, at the same price theretofore paid, the payments to be made in the manner prescribed by the contract; that the plaintiff performed all the conditions on its part, and there became due to plaintiff the sum of $12,000; that the defendant paid $8,700 on the indebtedness, leaving $3,294, with interest, owing to plaintiff. The defendant de- nied that the plaintiff performed the contract, and that it was indebt-

ed to the plaintiff. On the trial it was admitted that within the period mentioned in the contract the plaintiff inserted 19,448 lines of defendant's advertising, and it was proved that on March 19, 1895, the existing indebtedness of the defendant, according to plaintiff's account books, was paid. It also appeared that the sum of $12,000, mentioned in the complaint, was arrived at by charging the defendant with 30,000 lines, at 40 cents a line, the price claimed to have been theretofore paid by the advertiser; the plaintiff's theory being that, as it inserted all matter furnished by defendant, and was ready and willing to insert 30,000 lines within the 16-month period, the plaintiff performed the contract, and was entitled to payment in full. "In actions on contract, the plaintiff may recover on two well-defined and contrasting grounds: First, that he complied with his agreement; second, that he did not thus comply, but was excused from so doing by the defendant's breach or waiver, or otherwise. The two classes of cases differ radically as to the ground upon which a recovery is allowed. In the one case the ground is compliance; in the other, excused noncompliance. * * * In this case, therefore, the issue was whether the plaintiff performed his contract so as to entitle him to recover under its terms. In such a case it is well settled that the plaintiff may not, against the defendant's objection, recover upon the other theory that facts existed excusing his nonperformance." Fox v. Davidson, 36 App. Div. 159, 161, 55 N. Y. Supp. 524, citing Oakley v. Morton, 11 N. Y. 25, 30, 62 Am. Dec. 49; La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed in 144 N. Y. 644, 39 N. E. 493. And see Alexander v. O'Hare, 48 App. Div. 401, 63 N. Y. Supp. 179. If the plaintiff's contention, that the defendant obligated itself to furnish 30,000 lines of advertising matter within the prescribed period, be correct, then there was an excused noncompliance with the agreement by the plaintiff, and the ground of recovery should be based on such noncompliance. It follows that the defendant's motion, made at the close of the plaintiff's case, to dismiss the first cause of action on the ground that it had not been established, must be granted. See Wilkinson v. Davies, 146 N. Y. 25, 40 N. E. 501.

For a second cause of action the plaintiff alleged that, at the request of defendant, it published certain advertisements between October 3 and December 15, 1895, at the agreed price and of the reasonable value of $1,794. The defendant denied that it agreed to pay said sum, and that the reasonable value was the amount alleged, and pleaded a counterclaim for $1,134.03. In September, 1895, an agreement was made by the parties by which the plaintiff undertook to publish 50,000 lines of defendant's advertising at an agreed price within three years, and to deduct from the first bills rendered under this agreement $1,134.03, and, in pursuance of the arrangement, about 2,553 lines were published for the advertiser down to December 15, 1895. Subsequent to the making of the agreement, there was a dispute between the parties as to the terms of the contract. On December 14, 1895, the defendant's president wrote to plaintiff's representative giving the writer's understanding of the contract, and, at the end of the letter, said: "If you have changed your mind, or your

office does not seem to be satisfied, we will stop just there where we left off before I went abroad, and will consider the matter as if no agreement or contract had been made between us." The advertising was then stopped, and it is evident that the plaintiff accepted the suggestion of the defendant's president that the parties should consider the matter as if no contract had been made. The plaintiff, therefore, was entitled to sue for the value of the services rendered upon a quantum meruit (Port Jervis Water Works Co. v. Village of Port Jervis, 71 Hun, 66, 24 N. Y. Supp. 497, affirmed in 151 N. Y. 111, 45 N. E. 388; Storrs v. Congregational Church, 17 N. Y. Wkly. Dig. 179; Jones v. City of New York, 47 App. Div. 39, 62 N. Y. Supp. 284); and the question is, what was the reasonable value of the advertising done under the second contract? It was testified that the ordinary and reasonable rate for such advertising by the plaintiff was 40 cents a line, with double charge for "display" lines. Upon this basis, the reasonable value of the advertising would be $1,794. The defendant's contradictory testimony was founded on a larger number of lines than was published by plaintiff. Under the circumstances, the amount claimed appears reasonable. It was the plain intention of the parties that the advertising should be paid for as if there had been no contract regulating the price. As the counterclaim depended upon the contract of September, 1895, it necessarily falls with that contract.

The plaintiff's first cause of action and the defendant's counterclaim are dismissed, and judgment for plaintiff on its second cause of action. Ordered accordingly.