St. Louis, Iron Mountain & Southern Railway Company *v.* Campbell.

Opinion delivered June 9, 1913.

1.  Carriers — baggage — negligence— When plaintiff delivered his trunk to defendant railway company at Newport on the 9th of the

month for delivery at Hope, and it was not delivered until the evening of the 11th, four regular passenger trains having gone from Newport to Hope in the meantime, defendant will be held negligent as a matter of law, for delay in transportation.   (Page 436.)

2.   CARRIERS—FAILURE TO DELIVER BAGGAGE PROMPTLY—DAMAGES FOR MENTAL SUFFERING.—In an action against a railroad company for damages on account of delay in transportation of baggage, plaintiff can not recover damages because of inconvenience and mortification suffered on account of the delay in receiving his baggage.   (Page 436.)

3.   CARRIERS—DELAY IN TRANSPORTING BAGGAGE—DAMAGES.—Plaintiff can not recover ırom a railroad company, the value of articles purchased by him, made necessary by the negligent delay of the railroad company in failing to transport and deliver his baggage promptly.   (Page 436.)

4.   CARRIERS—DELAY· IN TRANSPORTING BAGGAGE—DAMAGES—PENALTY.— Plaintiff may recover from a railroad company, which negligently failed to transport and deliver his baggage promptly, the expenses he incurred in his endeavor to locate the baggage, and also the penalty for such neglect provided in Public Acts, 1911, p. 249. (Page 437.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; judgment modified.

### STATEMENT BY THE COURT.

The plaintiff, L. L. Campbell, brought this action against the St. Louis, Iron Mountain & Southern Railway Company for damages sustained by him by reason of an alleged negligent delay in transporting his baggage from Newport to Hope in the State of Arkansas.   In addition to actual damages, plaintiff also seeks to recover the penalty for failure to deliver baggage as provided for in Act 252 of the General Acts of 1911.   The facts are substantially as follows:

On the afternoon of October 9, 1911, plaintiff pur-· chased a ticket from Newport to Hope, Ark., and checked a trunk as his baggage.   He told the agent that he was going to Hope to be married, and would attend certain social functions prior to the marriage.   The next morning, he went down to the depot to take the train leaving there about 5 o'clock.   He could not find his trunk, and, after searching the baggage room, the agent decided that it had been sent north by mistake.   When plaintiff

reached Little Rock, on his way to Hope, he called on the station master at the union depot and explained the matter to him. The station master told him the trunk would reach him that afternoon. The trunk was not delivered at Hope until about 7 o'clock on the evening of the 11th, which was about one hour before the marriage was to occur. In the meantime, the defendant had already attended the social functions, and says that he was very much inconvenienced and embarrassed by reason of the fact that his trunk had not come, and that he did not have proper clothes to wear at the entertainments. The plaintiff expended about five dollars for telegraph and telephone messages in trying to locate his trunk. He also purchased a pair of shoes, a shirt, a pair of gloves and a necktie for about ten dollars. He arrived at Hope at 11:30 o'clock on the morning of the 10th of October. Other facts will be referred to in the opinion.

The jury returned the following verdict: "We, the jury, find for the plaintiff, and assess his damages as follows: Expenses, $13.80; for inconvenience and hardship, $100.00; for penalty, $100.00."

From the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*E. B. Kinsworthy, Campbell & Suits* and *W. G. Riddick,* for appellant.

1. The proper measure of damages for a carrier's delay in forwarding and delivering a passenger's baggage, is the value to the owner of the use of the baggage during the delay. 9 Sedgwick, § 854; 13 Cyc. 157; 6 Cyc. 449; 114 Pac. 949; 109 S. W. 949; 116 N. W. 581; 30 S. W. 487; 21 S. W. 303; 21 S. W. 411; 80 S. W. 386; 97 S. W. 1090; 116 Tenn. 624.

2. The allegations as to deprivation of anticipated pleasure in attendance upon social functions and being subjected to embarrassment, humiliation and mortification, or "inconvenience and hardship," as was finally substituted, should have been stricken from the complaint. They amount to no more than an allegation of mental anguish, for which there can be no recovery unless

accompanied by a personal injury. 67 Ark. 123; 64 Ark. 538; 69 Ark. 402; 70 Ark. 136; 65 Ark. 177; 21 S. W. 411; 67 Ark. 437; 3 Willson Civ. Cas. Ct. App. 390. Evidence as to the cost of other clothing purchased by appellee should have been excluded. 30 S. W. 487; 109 S. W. 949; 97 S. W. 1090.

3. There is no liability upon the carrier if it transports a passenger's baggage upon the same train with the passenger, or within a reasonable time thereafter. Acts 1911, 249; 99 Ark. 149. What is a reasonable time is always a question for the jury. 75 Ga. 745; 6 Cyc. 442; 9 Ky. Law Rep. 934; 59 Md. 390; 106 Ill. App. 563; 86 N. Y. S. 525.

*Stayton & Stayton* and *Gustave Jones,* for appellee.

1. It was proper to allow appellee damages for his actual expenses. The true rule as to the measure of damages for delay in transporting baggage is the usable value of the articles during the delay, and any incidental expenses involved in being deprived of the use thereof by reason of the delay. 6 Cyc. 676; 13 *Id.* 32; *Id.* 156. And where notice was given that the baggage was desired to be transported promptly in order that the owner might have the use of the wearing apparel at a specified time, and for a special occasion, the fact that the owner would be forced to buy other clothing should a delay occur, may properly be held as being within the contemplation of the parties when the contract was made. 13 Cyc. 34; 88 Ark. 77, 89, 90.

2. Damages for inconvenience and hardship was proper. By the delay, appellant became liable for such special damages as was fairly attributable thereto. 95 Ark. 213; 88 Ark. 77; 88 Ark. 201; 94 Ark. 324.

3. The court was right in instructing the jury, as a matter of law, that the delay was unreasonable. 15 Am. & Eng. Ann. Cases, 391, note; 55 Ark. 134; 63 Ark. 353; 69 Ark. 568.

HART, J., (after stating the facts). Counsel for the defendant first insist that what is a reasonable time for

the transportation of baggage. is always a question for the jury, and that the court erred in telling the jury, as a matter of law, that the delay in the transportation of the baggage was caused by the negligence of the defendant. We do not agree with them in this contention. The undisputed evidence shows that the plaintiff told the agent, when he checked the baggage, that he was going to Hope to get married, and would need the trunk as soon as he got there. He checked the trunk in ample time for the agent to have placed it on the train on which plaintiff embarked. The plaintiff arrived at Hope at about 11:30 o'clock on the. morning of the 10th, and his trunk arrived there at 7:00 o'clock on the evening of the 11th. During this time, four regular passenger trains had passed between the two places, and the baggage could have been transported on either of these trains. But one reasonable inference can be drawn from these facts, and that is, that the defendant was negligent in the transportation of the plaintiff's baggage.

Under the instructions of the court, the plaintiff was allowed to recover for the inconvenience, hardship and mortification suffered by him on account of the delay in the transportation of his baggage. This was to allow him to recover for mental anguish unaccompanied by physical injury. In the case of the *Chicago, Rock Island & Pacific Ry. Co.* v. *Whitten,* 90 Ark. 462, the court held that in an action to recover damages for injury to baggage, the plaintiff could not recover any damages for alleged mental suffering, because he had not suffered any physical injury. The holding of the court in that case is conclusive here, and the plaintiff was not entitled to recover damages, because of the inconvenience and mortification he suffered on account of the delay in receiving his baggage. Neither was he entitled to recover the value of the articles of clothing purchased by him. They were articles that could be worn on other occasions by a person of his station in life, and, in the absence of testimony to the contrary, it must be presumed that he received value for the money he paid out for this purpose. The measure

of. a passenger's damage for a carrier's delay in forwarding his trunk is the value of the use of the property during the time of the delay. Elliott on Railroads (2 ed.), vol. 4, sec. 1662-a; Hutchinson on Carriers (3 ed.), vol. 3, § 1366; 6 Cyc., page 676; *Texas & N. O. R. Co.* v. *Russell* (Tex. Civ. App.), 97 S. W. 1090; *Mexico Central Ry. Co.* v. *DeRosear* (Tex. Civ. App.), 109 S. W. 949.

Plaintiff was entitled to recover the expenses he was put to in undertaking to locate his trunk. See authorities *supra.* He was also entitled to recover the penalty. See General Acts of 1911, page 249.

It follows that for the errors indicated, the judgment must be reversed, and, inasmuch as under the undisputed evidence plaintiff was entitled to recover the sum of five dollars for reasonable expenses in undertaking to locate his baggage, judgment will be entered here for that amount and for the $100 penalty assessed against the defendant by the jury.