## KENTUCKY MILITARY INSTITUTE *v.* COHEN.

### Opinion delivered November 12, 1917.

1. APPEAL AND ERROR—FAILURE TO OBJECT TO THE GIVING OF INSTRUCTIONS.—Where no exceptions are saved, instructions will not be reviewed on appeal.

2. CONTRACTS—BREACH—INSTRUCTION.—An instruction is properly refused, which charges the defendant with liability, irrespective of whether the plaintiff has fulfilled his part of the contract or not.

3. CONTRACTS—BREACH—DAMAGES.—Plaintiff incurred certain expenses for clothing and supplies required by appellant, to whose school plaintiff sent his son. Plaintiff withdrew his son from the school because of appellant's breach of its agreement; *held,* plaintiff could not recover from appellant the value of the clothing and supplies purchased for his son, but that he could recover advanced tuition, railroad fare, and a sum expended for the purchase of a quartermaster's card.

Appeal from Cleburne Circuit Court; *J. I. Worthington,* Judge; modified and affirmed.

*J. P. Kerby* and *W. T. Tucker,* for appellant.

1. This was a written contract and it was error to admit previous conversations and the court should have construed the contract and not the jury. 75 Ark. 162; 90 *Id.* 272; 89 *Id.* 239; 77 *Id.* 261.

2. The instructions given were erroneous. 80 Ark. 399; 47 *Id.* 54.

3. The second instruction asked by appellant should have been given. 156 Ky. 380; 161 S. W. 206; 164 *Id.* 808; 112 N. Y. S. 1089; 60 N. C. 217; 145 S. W. 672; 40 Barb (N. Y.) 541; 69 N. Y. Supp. 985. See also, 56 Ark. 309; 60 *Id.* 603; 85 *Id.* 596. There was no breach of contract by appellant, because performance was prevented by the conduct of appellee. 85 Ark. 596.

*Williams & Seawel,* for appellee.

1. Appellant has failed to comply with Rule 9. The record is not abstracted.

2. There was no error in the instructions given, nor in refusing No. 2 asked by appellant. No exceptions were properly saved to the court's charge. 91 Ark. 427.

3.   The verdict is supported by the evidence.   86 Ark. 600-8; 89 *Id.* 321.   Appellant breached the contract and caused the expense.   26 Cyc. 988; 58 *Id.* 504.   No errors are shown and the judgment should be affirmed.

HUMPHREYS, J.   Appellant brought suit against appellee in the Cleburne Circuit Court to recover a balance of $494.40 with interest, alleged to be due it under contract for attention, education and board of his son for the school year beginning September 14, 1915, and ending May 23, 1916.

Appellee pleaded a breach of the contract on the part of appellant.   The breach consisted in alleged references and acts by teachers and assistant teachers, which rendered the condition of his son intolerable, and humiliated him to such an extent that it was necessary to take him out of the institute, to appellee's damage in the sum of $400 for money expended in preparing his son for school, $100 in sending him to the school and bringing him home, and $5,000 on account of humiliation.   Appellant filed a motion to make the cross-complaint more definite and certain.   Also filed a demurrer to the cross-complaint.   The court overruled the motion to make the cross-complaint more definite and certain, and sustained the demurrer to the $5,000 item.

The cause was heard upon the pleadings, evidence adduced and instructions of the court and a verdict rendered in favor of appellee for $275.   A judgment was rendered in accordance with the verdict and a motion for a new trial was filed and overruled.   From the judgment an appeal has been prosecuted to this court.

The appellant, Kentucky Military Institute, was located at Lyndon, Kentucky, and published a catalogue descriptive of the school, the kind and character of training offered to students, its terms, etc.   The fixed charge of tuition was $500 for the term, $10 for a uniform and $10 for card entitling the student to buy articles at the quartermaster's department.   It was also provided that no deduction would be made if a student quit during the term.   Appellee entered his son, who remained in the

school only three days. He paid $30 as an advanced fee and gave his check for $369 to be applied on the fixed charges, payment on which was stopped and the check went to protest. He expended $62.50 railroad fare in sending him to school, $400 in preparing him to go, and $10 for quartermaster's card. The undisputed evidence disclosed that appellee's son was accorded treatment by the teachers and assistant teachers, and by pupils with the knowledge of teachers, which rendered his further attendance on the school intolerable, and, for that reason, he withdrew and returned to his home.

(1) Appellant insists that the court erred in instructing the jury. At the request of appellee, the court gave three instructions. No exceptions were saved to the instructions given, so they are not properly before this court for review. For the same reason we can not review the action of the court in refusing to give the peremptory instruction requested by appellant.

(2) Appellant insists that the court erred in refusing to give instruction No. 2, requested by it, to which proper exceptions were saved. The instruction is as follows:

"Gentlemen of the jury, the court instructs you that when Ed Cohen entered his son, Jerome E. Cohen, as a student at the Kentucky Military Institute he was bound by the public announcement of the school in its published catalogue of the condition upon which students would be received therein and the terms of and time of payment for the services rendered or to be rendered by the school in the education of the student; and it was the duty of the said student, Jerome E. Cohen, to remain in said school for the whole year for which he was entered and to obey the rules and regulations of the school; hence, if you believe from the evidence that Ed Cohen entered his son as a student in the said school for the school year of 1915 and 1916 you should find a verdict for plaintiff for whatever sum the evidence shows him to be entitled to, notwithstanding you may believe the said stu-

dent left the school and remained away for the whole term for which he was entered."

This instruction is predicated upon the theory that appellee became absolutely responsible for the payment of the total tuition and required incidentals for the entire term by the entrance of his son in the institute without reference to any breach of the contract on the part of appellant. This position is not sound. The instruction requested excluded the defense of appellee that he withdrew his son from the institution on account of mistreatment on the part of teachers and assistant teachers such as to render his further attendance intolerable. It was proper to refuse the instruction as it ignored a material issue in the case. *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564.

(3) Appellee claims $400 damages by reason of the breach, on account of expending $400 for clothing in preparing his son to enter the institute. He kept the clothing and other articles, such as valise, trunk, etc., and the presumption is that they can be used by his son. It is true he testified that he did not need them, but it does not follow as a matter of course, that he can not or will not use them. Touching upon this point, it was said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Campbell,* 108 Ark. 432, "Neither was he (referring to appellee in that case) entitled to recover the value of the articles of clothing purchased by him. They were articles that could be worn on other occasions by a person of his station in life, and, in the absence of testimony to the contrary, it must be presumed that he received value for the money he paid out for this purpose."

The only items of damage sustained and proved by appellee in the instant case were $30 advanced on tuition, $10 expended for quartermaster's card, and $62.50 railroad fare. The proof as abstracted will not warrant a greater judgment on the cross-complaint.

The judgment on the main issue in behalf of appellee is affirmed. The judgment upon the cross-complaint

is modified by reducing the amount to $102.50 with interest at 6 per cent. per annum from the 14th day of September, 1915, to date.