**PEIRCE v. PEACOCK MILITARY COLLEGE.** (No. 6355.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1920. Rehearing Denied March 31, 1920.)

1. **Schools and school districts** ⬅️8—**Where student is withdrawn, college may recover full tuition price.**

The full sum agreed to be paid as tuition for a student for a session is ordinarily recoverable upon withdrawal of the student, even though the contract does not especially provide that there can be no deduction, for ordi-

narily it would not cause the school any additional expense to perform.

2. **Damages** ⬅️120(5)—**Measure of damages in case of breach of contract for board.**

Ordinarily the damages recoverable by a landlord, where a boarder leaves before expiration of the time agreed, are compensation for loss of profits on the contract to the end of the term; but, where the contract expressly stipulates for no deduction in case of absence, the landlord is entitled to the pay agreed until the place of the defaulting boarder is supplied by another, paying the same or higher price.

3. **Schools and school districts** ⬅️8—**Full price for board and tuition recoverable.**

Where a military school and the parent of a student agreed on $600 for tuition and board for the season, and that the price should be paid, though the student withdrew, the school is entitled to recover the full amount of $600, where the student withdraws before expiration of the term, and no deduction can be had on account of board not furnished.

4. **Damages** ⬅️76—**Provision that full amount for tuition and board should be paid not penalty.**

Where a contract between a military school and the parent of a student provided for payment of the amount agreed upon for tuition and board, even though the student should withdraw, such provision cannot be treated as a penalty.

Appeal from Bexar County Court; McCollum Burnett, Special Judge.

Action by the Peacock Military College against J. M. Peirce. From a judgment for plaintiff, defendant appeals. Affirmed.

Walter O. Slater, of Luling, and Davis & Long, of San Antonio, for appellant.
Leonard Brown, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant upon an enrollment contract, in which the school catalogue of appellee was referred to and made a part thereof. The contract provided for the payment of $600, and it was admitted that $94 had been paid. The judgment was for $505.40, with interest.

The defendant answered by general demurrer, general denial, and various special pleas, none of which are involved in the questions arising upon this appeal. It may be appropriate, however, to call attention to the fact that in these pleas was contained an allegation showing that defendant's son withdrew from plaintiff's school about a month after entrance.

The plaintiff filed a supplemental petition, consisting of exceptions, a general denial, and a special answer, setting forth various provisions of the catalogue, and alleging that under the terms of the contract defendant's son was enrolled for the full session, and that plaintiff was at all times ready, able, and

willing to carry out its contract to furnish board, lodging, and tuition, and would have done so, had defendant not withdrawn his son from the school. The trial resulted in a judgment for plaintiff for $505.40, with interest.

The appellant contends that, as the evidence discloses that his son withdrew from the school about a month after entering same, it is apparent that appellee was not required to furnish board and lodging during the remainder of the term, and therefore it should not recover the full contract price. In other words, appellant invokes the usual rule that upon the breach of an executory contract the measure of damages is, not the contract price, but the profit the plaintiff would have made, had the contract been carried out. He contends, further, that if the contract be viewed as one stipulating that the entire sum must be paid in case of a breach by defendant, then that such provision is unconscionable and should be treated as providing a penalty.

The enrollment contract reads as follows:

. "The Peacock Military College,
          "San Antonio, Texas,
"Duplicate.          .          Aug. 19th, 1918.
          "Enrollment Blank.

"I hereby enroll Maston Peirce in the Peacock Military College for the session of thirty-six weeks beginning September 11, 1918, and ending May —, 19—, for the entire session, subject to the terms and conditions given in the catalogue and the correspondence for the year 19—, a copy of which I hereby acknowledge in hand, and I agree to pay for this reservation during the current session, as may be agreed upon, the sum of $600.00 at the office of the college in San Antonio, Texas. I have examined the catalogue, and hereby accept the rules and regulations as published, both in the catalogue and the literature of the college. Default in the payment of any installment of principal of the account shall at once mature the installment and the balance of the account. Value received is hereby acknowledged. I inclose herewith the sum of $5.00 for the purpose of retaining a reservation in said college for said time, the same to be used for the athletic fund independent of the school account.
          "Sign here:          Mrs. J. M. Peirce."

The catalogue provisions are in substance, if not literally, the same as those stated in the opinion in the case of Vidor v. Peacock, 145 S. W. 672.

[1] So far as tuition is concerned, it seems to be well established that the full sum agreed to be paid for the session is ordinarily recoverable upon the withdrawal of the student, even though the contract does not specially provide that there will be no deduction before the end of the session. Sedgwick on Damages (9th Ed.) 612; International Text-Book Co. v. Martin, 92 Neb. 430, 138 N. W. 582. The principle upon which such measure of damages is sustained is stated by Mr. Sedgwick to be that it would have cost the school nothing, in addition to the expense it had incurred, if it had been required to fully perform its part of the contract.

[2] So far as board is concerned, it seems that it is possible to show with the required certainty a pecuniary outlay which the plaintiff has been saved by the breach. The rule, therefore, is that—

"Where board and lodging are obtained for a fixed time at an agreed price, the damages recoverable by the landlord, where the boarder leaves before the expiration of the time agreed upon, are the pro rata amount of the board furnished, due and unpaid up to the time the boarder leaves, and compensation for the loss of the profits on the contract to the end of the term, and this latter usually consists of the profits the landlord would have made, had the contract not been broken." Elliott on Contracts, § 2230.

The author recognizes an exception, however, in the following language:

"Where, however, the contract specially stipulates for 'no deduction in case of absence,' the landlord is entitled to the pay agreed upon until the place of the defaulting boarder is supplied by another paying the same or a higher price."

The case of Wilkinson v. Davies, 146 N. Y. 25, 40 N. E. 501, is cited in support of the exception. The case is undoubtedly authority for the proposition that a contract expressly providing that there shall be no deduction cannot, by breach of the person who has agreed to pay, be made one calling for the same measure of damages as if no such provision had been contained therein.

[3] We find that contracts made with schools for board, lodging, and tuition, which contain provisions clearly showing that the contract is for an entire session and that no deduction is to be made if the student leaves before the expiration of the session, have been held to authorize a recovery of the price stipulated to be paid for the entire session. Vidor v. Peacock, 145 S. W. 672; William v. Stein, 100 Misc. Rep. 677, 166 N. Y. Supp. 836; Teeter v. Horner School, 165 N. C. 564, 81 S. E. 767, 51 L. R. A. (N. S.) 975, Ann. Cas. 1915D, 309, and note; Kentucky Military Institute v. Cohen, 131 Ark. 121, 198 S. W. 874, L. R. A. 1918B, 709. In the New York case the contention made in this case as to the amount recoverable was considered and found to be without merit. The facts were very similar to those shown in this case.

The parties have agreed that $600 is to be paid for the session, even though the student withdraws. This provision was doubtless inserted because of the fact that it would be exceedingly difficult to ascertain just how much profit would be derived by the school from a contract fully performed by both parties. If it be held that the burden rests upon plaintiff, notwithstanding such provision, to plead and prove what its profit would have

been, then such provision would be held to be entirely meaningless and of no force.

[4] The suggestion has been made that the provision for payment of the entire sum should be treated as providing a penalty, and therefore plaintiff should not be permitted to recover more than the profit it would have made. If that contention is correct, the parties do a useless thing in providing in any contract that there shall be no abatement of the price contracted to be paid, for plaintiff would have to establish what profit would have been made, had the contract been fully performed.

We conclude that the judgment should be affirmed.