## SHULTS v. PEACOCK MILITARY COLLEGE. (No. 6611.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1921.)

I. Pleading ⬤⟞169—Matter in catalogue held properly set up in supplemental petition in action by college for tuition.

Where original petition alleged a contract whereby defendant agreed to pay $600 tuition for his minor child, and that only one-half thereof had been paid, and defendant then in his answer set up failure of consideration based upon allegations that because of the wrongful conduct of the college defendant was forced to withdraw his son in the earlier part of the year and that the college had been amply compensated in the advance payment made, plaintiff properly set out in a supplemental petition an extract from the college catalogue wherein it was stated that tuition for students must be paid for the entire year, and was properly permitted to introduce it in evidence, as against an objection that it was not set out in the original petition, in view of rule 5 for district and county courts.

2. Evidence ⬤⟞373(1)—Order reducing pupil from lieutenant to ranks in R. O. T. C. held properly admitted in evidence in action for tuition.

In an action by a college to recover tuition where defendant set up failure of consideration in that he withdrew his minor son from college in the earlier part of the year by reason of his having been reduced from lieutenant to the ranks in the R. O. T. C., court did not err in admitting in evidence an order issued "by order of Major C. C. A." signed by W. M., First Lieutenant R. O. T. C., P. M. C., where it was shown to be the duty of the latter to copy special orders, and where he testified that he executed the same, as against objections that its execution had not been proven, that it was not such writing "as proves the truth of its recitals," and that it shows upon its face that it was not signed by Major C. C. A.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Peacock Military College against C. E. Shults. Judgment for plaintiff, and defendant appeals. Affirmed.

Linden & Martin, of San Antonio, for appellant.

Wm. H. Russell and Leonard Brown, both of San Antonio, for appellee.

SMITH, J. Appellant, C. E. Shults, entered his minor son Herman as a student in Peacock Military College at San Antonio, which was owned by appellee, Wesley Peacock for the 1919–1920 session, under a written contract. The contract contained a recital that the young man entered the school subject to the terms and conditions of the current catalogue issued by the school, which Shults acknowledged he had examined. The tuition and other fixed charges for the session amounted to $600, for which Shults executed his written obligation, one-half payable September 10 and the balance January 1. For reasons unnecessary to set out here, Shults withdrew his son from the school about two months after the beginning of the first term, and kept him out the balance of the session. He paid half of the fixed charges at the opening of school, but refused to pay the balance of $300. In a trial in the court below, without a jury, Peacock recovered judgment for $300, with interest, and Shults appeals. Written findings of fact and conclusions of law were filed by the trial court, and were not excepted to, nor is any

complaint urged against them here. The appeal is based upon two assignments of error, complaining of the admission of certain testimony.

[1] In his first assignment of error appellant complains of the admission in evidence of the following extracts from the 1919–1920 catalogue of the school involved:

"*Notice.* The school year is not divided into quarters, terms or half years, all payments being made 'on account' for the session of thirty-six weeks. Pupils are not taken for less than a year, and pupils enrolled are obligated to remain to the close of the session. While all accounts are due in advance, payments may be made to suit the convenience of patrons. While the management is desirous of accommodating patrons in the payments, it also claims as an evidence of good faith the protection of a businesslike agreement. It is to the interest of both the institution and the parent that the pupil should remain throughout the session.

"Money advanced is refunded in case of sickness leading to the withdrawal by advice of a San Antonio physician, whereupon the loss for absence is shared equally by the parent and the college; provided upon restoration to health the pupil returns to college by advice of the same physician, and further provided that no rebate under any circumstances may be allowed for withdrawal from any cause for the last sixty days of the session.

"In case of suspension, or expulsion or withdrawal without cause, the loss for the remainder of the session is sustained by the parent. Reinstatements may be made upon satisfactory guaranties of good faith and good conduct.

"All transactions are conducted and all accounts are made payable in San Antonio, Bexar county, Texas. Cadets sign a pledge to refrain from tobacco, drink, gambling and immorality.

"Any departure from the foregoing conditions will be shown in writing. Tobacco is prohibited."

Appellant contends in his brief that this writing was inadmissible because it was not affirmatively set out in plaintiff's original petition as a part of the contract sued on, but was alleged only in a supplemental petition, which cannot properly be looked to to supply any allegations necessary to a statement of a plaintiff's cause of action. In his original petition appellee alleged the obligation of appellant to pay the amount sued for, and attached the written obligation to the petition as an exhibit, to which appropriate reference was made. This made a prima facie case against appellant, who in his answer set up failure of consideration, based upon allegations that because of the wrongful conduct of Peacock appellant was forced to withdraw his son from the college in the early part of the school year, and that Peacock had been amply compensated in the advance payment made to him for the value of the services he had rendered. In response to this pleading appellee filed a supplemental petition, containing, among other allegations, the following:

"Replying further to such answer this plaintiff says that, by the express terms of the contract sued on the catalogue is referred to, and is made a part of the contract by the acceptance of the terms and conditions thereof by the defendant in executing the enrollment blank, and that such catalogue, among other things, provides, in substance, that, in case of suspension or expulsion or withdrawal without cause, the loss for the remainder of the session is sustained by the parent, and that any departure from the previous specified terms of the catalogue will be shown in writing."

Rule 5 for district and county courts provides that—

"Plaintiff's supplemental petitions may contain * * * allegations of new facts not before alleged by him, in reply to those which have been alleged by the defendant."

It is undisputed that appellee's original petition which was primarily a suit on a written obligation to pay $621, on which a credit of $321 was allowed, stated a cause of action for $300, and appellee would have been entitled to recover thereon as a matter of law but for the defense of failure of consideration specially pleaded in appellant's answer. This special answer made the additional allegations in appellee's supplemental petition appropriate, and, under rule 5 above quoted, these allegations were properly set up in the supplemental petition as a reply to special defenses set up in appellant's answer. The first assignment of error is overruled.

[2] The second assignment of error complains of the action of the court below in admitting in evidence, over appellant's objection, a certain writing, designated as "Special Order No. 11," purporting to have been promulgated upon the order of Maj. Carl C. Anderson, and signed by First Lieutenant Ward McCampbell. The effect of this order was to reduce Herman Shults from the rank of second lieutenant to the grade of a private in the military body of the school. It seems that at the term of the school involved, the United States government maintained a Reserve Officers' Training Corps at this college, and that this branch of the college was under the supervision of Maj. Anderson. Special Order No. 11 was in the usual and well-known military form, and purported to have been issued "by order of Maj. Carl C. Anderson," and signed by "Ward McCampbell, 1st Lieut. R. O. T. C., P. M. C." It was shown to be the duty of Lieut. McCampbell to copy special orders of the army officers; that this particular order was signed by him, approved by Peacock, and read to the cadets of the corps. Appellant complains of the admission of this order in evidence upon the grounds: (a) That its execution had not been proven; (b) that it was not such writing "as proves the truth of its recitals"; (c) and that it shows upon

its face that it was not signed by "Maj. Anderson," and "was therefore purely hearsay." The first and last objections are not well taken, because the order did not purport to be signed by Maj. Anderson, but by Lieut. McCampbell, and its execution by him was proven. The second objection, that the instrument was not such as to prove the truth of its recitals, is, to say the least of it, immaterial, since the only fact recited therein, the reduction of Herman Shults to the ranks, was conclusively shown by other testimony; besides, the fact was affirmatively alleged by appellant as being the very ground for the withdrawal of his son from school. The second assignment of error is overruled.

There is no objection urged to the findings of fact and conclusion of law of the trial court. Those facts bring the case squarely within the cases of Vidor v. Peacock, 145 S. W. 672, and Peirce v. Peacock, 220 S. W. 191, upholding recovery upon contracts similar to the one sued on here.

The judgment is affirmed.