# ARCADIA PARK ASSOCIATION, INC. v. E. B. ANDERSON.[1]

May 24, 1929.

No. 26,856.

*Einar Hoidale* and *Edward Nelson,* for appellant.
*William W. Pye,* for respondent.

DIBELL, J.

Action to recover the amount unpaid on a contract whereby the plaintiff agreed with the defendant to furnish accommodations for a specified number of persons at its summer resort in northern Minnesota at an agreed rate per week, for a specified time, and by which

[1]Reported in 225 N. W. 441.

the defendant agreed to pay therefor whether or not such accommodations were used. Each party moved for a directed verdict. The court directed a verdict for the defendant. The plaintiff's motion for judgment notwithstanding the verdict was denied as was also its subsequent motion for a new trial. From the judgment entered for the defendant, the plaintiff appeals.

The plaintiff owned a summer resort on Big Turtle Lake in Itasca county called Arcadia Lodge. It had cottages and other conveniences and furnished board. The defendant lived in Northfield. He was interested in chick hatching. He conceived the plan of conducting a chick-hatching school at a lake in the north. With this in view he entered into a written contract with the plaintiff on May 28, 1926. By the contract it was agreed that the plaintiff would furnish accommodations for not exceeding 240 persons from August 15 to August 28, 1926, for which the defendant would pay an agreed price regardless of whether they were used. The contract provided:

"The party of the second part [defendant] shall give to the party of the first part [plaintiff] definite advice in writing on or before July 10, 1926, as to the number of persons for whom reservations shall be made and the party of the second part shall pay for the whole term for the number of reservations so made, notwithstanding the failure of the full number of guests to appear."

The defendant gave the plaintiff timely notice that he wanted reservations for 75. The contract price was $25 per week, amounting for the two weeks to $3,750. The anticipated number of guests did not come. For the two-week period there was an average of 15 instead of 75. The defendant paid plaintiff $500 when the contract was made, $500 on June 20, and $500 on July 1. The balance was to be paid on August 16. The action is to recover for accommodations for 75 guests for two weeks at the contract price of $25 per week, or $3,750, less the $1,500 paid.

The contract contemplated the furnishing of cottages on the lake, board and incidental conveniences such as golf grounds and fishing and boating privileges, and a place and conveniences for conducting

the school. The lodge was not an old and established summer resort. Considerable work had yet to be done. It was remote from railway connections.

The defendant claims that the provision for payment for the whole number, although that many did not use the accommodations, is one for a penalty and is unenforceable; and he claims that the plaintiff cannot recover except upon proof of actual damages and there is no proof. The plaintiff claims that the provision is one for liquidated damages. We cannot construe it as one for a penalty.

The lodge was not an old one. It was a recent project. It is in evidence that additional preparations were made in anticipation of the coming of the defendant's guests in the way of additional boats, the erection or completion of cottages, the fixing of the grounds and the furnishing of food supplies. The base of supplies was 30 miles away. There was a necessary overhead which would continue regardless of the absence of the expected guests; and, on the other hand, there might be some gain, by way of salvage, if they did not come. It may be convenient to consider the provision quoted as one for liquidated damages. 2 Dunnell, Minn. Dig. (2 ed.) §§ 2536-2537, and cases cited. But however viewed, the contract, including the provision for payment for 75 guests, was a valid one. It was one which the parties might make and be required to keep. It was entire. If the plaintiff substantially performed, it was entitled to the payments which the defendant undertook to make. 2 Dunnell, Minn. Dig. (2 ed.) § 1781, et seq. and § 1910, et seq. If it failed to perform, it could not recover upon the contract in the absence of an acceptance or a waiver. Whether without a substantial performance, under the conditions shown or which may be shown, there could be a recovery independently of the contract for benefits conferred and accepted is not a question for present consideration.

We must take the fact to be, for the jury could find so, that the plaintiff performed its contract, was ready to furnish the accommodations which it agreed to furnish, and committed no breach; and that the defendant committed no breach except in his failure to pay.

The defendant did not renounce or repudiate, before performance due, and create a situation within the principle of Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756, 22 L. R. A. 80, where the legal right of one party to repudiate an executory contract was sustained with the attendant right of the other party to recover damages only; nor did the defendant manifest his inability to perform and so give the plaintiff the right to sue for damages under the similar doctrine of McRae v. Itasca Paper Co. 153 Minn. 260, 190 N. W. 72. The rule of damages for which the defendant contends is one applicable to a breach of an executory contract as illustrated by the cases just cited. But we do not have such a situation. The parties went along with the performance of the contract and perhaps without thought of the provision for payment in full for the accommodations reserved though not used. A part of the reservations were used. The defendant did not repudiate nor notify the plaintiff that he did not want all. See Wilkinson v. Davies, 146 N. Y. 25, 40 N. E. 501. There was not a termination of the contract so as to put the plaintiff to an action for its damages. Nor do the facts make applicable the doctrine of Barron G. Collier, Inc. v. Kindy, 146 Minn. 279, 178 N. W. 584. Nor is defendant's claim of fraud determinable on this appeal. The record presents facts justifying a verdict for the plaintiff. It made a prima facie case. The direction of verdict for the defendant was in error.

The plaintiff claims that it should have judgment notwithstanding the verdict. The rule is that judgment notwithstanding the verdict will not be granted except where the merits of the case are presented fully so that it is seen that the litigation should end. 1 Dunnell, Minn. Dig. (2 ed.) § 1360, and cases cited. There should be a new trial but not judgment.

Judgment reversed.