ARCADIA PARK ASSOCIATION, INC. v. E. B. ANDERSON.[1]

October 31, 1930.

No. 28,145.

*William W. Pye,* for appellant.
*Einar Hoidale* and *Edward Nelson,* for respondent.

LORING, C.

This case was here on a former appeal the opinion in which is reported in 177 Minn. 487, 225 N. W. 441. This court ordered a

[1]Reported in 232 N. W. 739.

new trial, which resulted in a verdict for defendant. The trial court granted judgment for the plaintiff notwithstanding such verdict. The defendant appeals from the judgment entered pursuant to such order. The facts are stated in the former opinion.

The defendant, who expected to run a school for chicken growers at plaintiff's summer resort, contracted with the plaintiff for 75 reservations for guests for a stated period and agreed to pay the specified rate for these guests whether they actually came to the resort or not. On the first trial of this case it was contended by defendant that the agreement to pay for the guests who did not come was a penalty and unenforceable. By this court's former decision the validity of that provision in the contract sued upon was sustained, and the only questions left open were whether or not the plaintiff had induced the defendant to make the contract by fraud and whether or not plaintiff had substantially performed its part of the contract.

We have carefully examined the entire record and find no substantial breach of the contract by the plaintiff which would operate to release defendant from his obligations thereunder. Nor do we find his allegations of fraud supported by the record. The defendant sets up that the plaintiff promised that a golf course would be available to the guests for whom defendant was to make reservations; that the cottages at the resort should have water piped to them and be equipped with fireplaces. The matter of the failure to complete the golf course on account of bad weather came to the attention of the defendant early in July, which was some weeks prior to the time when defendant proposed to use the reservations he had contracted for. He expressed disappointment but said he hoped it would not prove serious. He continued with his arrangements. In our opinion he waived any claim on account of the failure to complete the golf course.

Defendant made a trip to plaintiff's resort late in June and looked it over. In talk at that time the plaintiff stated that the expected guests would be accommodated in modern cabins "as much as possible." It appears that water was either in or near all the cottages

at the time the school was in session. Some cottages had fireplaces, most did not. The main lodge had two large ones. On the trial it was asserted that guides and live bait for fishing were promised at an extra charge as an inducement to enter into the contract. It developed that live bait was available at a point five miles away and that one request was made for it which was not complied with. The guides were not at the camp. The defendant did not show that any of these matters caused expected guests to refrain from attending this school. Neither did he show any other damage by reason of any of the matters complained of. Without damage his claim of fraud fails. 12 R. C. L. p. 388, and cases cited; 3 Dunnell, Minn. Dig. (2 ed.) § 3828. Obviously his estimate of the guests who would arrive for the purpose of attending his proposed school was optimistic in the extreme. He had a right under the contract to make reservations up to 240 in number, which presumably was the utmost capacity of the resort. He chose to obligate himself, for 75 guests for a period of two weeks and to pay for them whether they came or not. The plaintiff put itself in a position to care for the guests and at defendant's request built a garage which could also be used as a schoolroom. It is not shown that the plaintiff was in any way responsible for the failure of defendant's advertising campaign or for the failure of the expected guests to arrive. We cannot remake the contract for the parties in order to protect the defendant from the consequences of his miscalculations.

The judgment is affirmed.