HATTIE A. HALL *vs.* MOUNT IDA SCHOOL FOR GIRLS, INC.

Middlesex. December 7, 8, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract*, Construction, Performance and breach, Implied. *Words*, "School for Girls."

It is an implied condition of a contract by a "School for Girls" to provide board, lodging and instruction during the school year for a student designated as a "Miss" that that status existed when the contract was made and that it should continue until the end of the school year unless the parties to the contract should otherwise agree; and, if during the year the student without the knowledge of the proprietor of the school became married and the proprietor upon learning of that fact expels her from the school, there can be no recovery of a sum which had been paid for her lodging, tuition and instruction for the entire year.

CONTRACT, the plaintiff's substitute declaration reading as follows: "And the plaintiff says that on or about September 1, 1924, she paid to the defendant the sum of $900 for the tuition, board and room of Helen Coombs for the period of the school year then next ensuing; that on or about January 28, the defendant, without justification, expelled the said Helen Coombs from the Mt. Ida School for Girls, Inc., and refused to furnish further tuition, board and room to her and she was obliged to leave, and did leave, the defendant's school, whereby the defendant became bound to return to the plaintiff the sum of $900 but, 'though often requested,

the defendant has refused to make such payments or any part thereof. Wherefore the plaintiff says the defendant owes her the sum of $900 and interest thereon since September 1, 1924." Writ in the District Court of Newton dated July 11, 1925.

The trial judge in the District Court found for the plaintiff in the sum of $922.50 and reported the action to the Appellate Division for the Northern District, who ordered judgment for the plaintiff reversed and judgment for the defendant entered. The plaintiff appealed.

*H. C. Dunbar,* for the plaintiff.

*R. Walsworth,* for the defendant.

PIERCE, J. This is an action of contract in which the plaintiff seeks to recover $900, and interest thereon since September 1, 1924, being money paid by the plaintiff to the defendant for board, room and tuition for the plaintiff's granddaughter at the defendant's school during the school year from September, 1924, to June, 1925, both inclusive. The case is before this court on the appeal of the plaintiff from the decision and order of the Appellate Division for the Northern District, which reversed the decision of a special justice in the District Court of Newton and ordered judgment for the defendant.

The facts as they appear in the report of the District Court of Newton, in substance, are as follows: The plaintiff lives in Belfast, Maine, and is the grandmother of Helene Aylward, formerly Helene Coombs, who lived with her. Before the commencement of the school year 1923–1924, the defendant, through its duly authorized agent, signed and delivered to the plaintiff a proposal in the following terms: "Mount Ida School will be very glad to accept Miss Helene Coombs as a student for the school year 1923–1924 for the inclusive sum of $900. This sum will include tuition and board as well as instruction in all general courses of the school. She will be entitled to all privileges and opportunities of the school and school life." Miss Coombs entered the school in the fall of 1923, and remained during the school year. The plaintiff thereby accepted the offer and the terms of the instrument.

During the school year the defendant sent the plaintiff a letter in the terms which follow: "Mount Ida School for Girls, Newton, Massachusetts. May 12, 1924. My dear Mrs. Hall: — We have been very glad indeed to have Miss Helene with us this year. Mrs. Jewett and I are wondering what you are planning for her next year. We should like very much to have her return to us for another year. We hope that you have been so much pleased with the granddaughter's year with us that you would like to have her return to us next year. Our students are now making their arrangements for rooms and roommates and so we hope that we may hear soon that Miss Helene will be with us next year. We are raising our tuition next year as you will see by the enclosed statement. However, we want Miss Helene to come to us upon the same financial arrangement that she is coming to us now. We are trying to do all we can to make the year a most profitable and happy one for the granddaughter. I am sure that next year will be a more profitable one for her. We shall hope to have the pleasure of presenting our diploma to Miss Helene next year. Mrs. Jewett joins me in sending every best wish. Very sincerely yours." During September, 1924, Helene Coombs returned to the school and became one of its pupils for the school year 1924–1925. Between September 8, 1924, and January 1, 1925, the plaintiff paid the defendant the tuition fee of $900 and an additional $50 for extras.

Miss Coombs remained at the school until the Christmas recess, when she went to Belfast to spend the holidays at the home of the plaintiff. While there she was married, without the knowledge of her grandmother, to one Aylward. The plaintiff first had knowledge of the marriage the next morning, the day the granddaughter returned to school. Neither the plaintiff nor her granddaughter said anything about the marriage to the principal of the school. A notice of the marriage printed in a Maine newspaper came to the attention of the principal of the school on or about January 22, 1925, and he immediately wrote to the plaintiff directing her attention to the item in the newspaper and asking if "this report is correct." The plaintiff answered at once that "the

report was correct but that she desired her granddaughter to remain at the school for the balance of the year." Thereupon the principal expelled the pupil from the school. The granddaughter returned home, and the plaintiff demanded the return of a part of the tuition money but the demand was refused. At the trial the principal of the school testified, without objection so far as the report discloses, that "The reason for the expulsion was the secret marriage."

At the close of the evidence, the defendant filed certain requests for rulings which were denied, among them "That upon all the evidence and under the amended declaration the plaintiff is not entitled to recover the amount paid, or any portion thereof." The plaintiff and defendant agree that contracts for board, lodging and instruction at a private school for a specified time have always been held to be entire contracts and not divisible; and as a practical consequence further agree that the plaintiff is entitled to recover in the action $900 or nothing.

The question involved is whether the accepted proposal, fairly construed, bound the defendant to board, lodge and instruct during the school year 1924–1925 the granddaughter of the plaintiff who was a "Miss" when the contract was made and became a married woman before the term of the defendant's service was completed. Save as a title by courtesy, the word "Miss" is defined in dictionaries and commonly used to describe a young, unmarried woman. No one would understand that a "School for Girls" was a school for married women, whatever their ages were. The individual whom the defendant contracted to receive in its school was described as a "Miss," and it was an implied condition that that status existed when the contract was executed and that it should continue until the end of the school year, unless the parties to the contract should otherwise agree. There are no facts in the report to warrant a finding that the defendant made a new contract to receive Mrs. Aylward in place of "Miss Coombs," nor that the defendant waived the implied condition that the granddaughter should be and continue to be a "Miss" while at the school of the defendant. There was no evidence of any default by the

defendant in the performance of its undertaking with the plaintiff. It follows that the requested ruling should have been given.

The order of the Appellate Division, "Judgment for plaintiff reversed and judgment for defendant," should be affirmed; and it is

*So ordered.*