CHARLES C. HOOD *vs.* THE TABOR ACADEMY.

Plymouth.   December 7, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, & QUA, JJ.

*Contract,* Performance and breach, Construction, Private school.

No part of a year's tuition paid by a parent for a student at a private school under a contract providing that, if the student "ceases to retain his membership in the school, for any reason, the parent is responsible for the full tuition fee and must sustain the financial loss involved," could be recovered by the parent upon expulsion of the student during

the year in good faith and for reasonable cause; and an expulsion, after investigation, for violation of a rule concerning smoking and for previous breaches of discipline, could be found to be in good faith and for reasonable cause.

CONTRACT. Writ in the Superior Court dated July 19, 1929.

The action was tried before *Macleod*, J. After a verdict for the plaintiff in the sum of $1,100 had been recorded subject to leave reserved, the judge ordered entered a verdict for the defendant and reported the action.

The case was submitted on briefs.

*N. B. Bidwell & A. R. Pike*, for the plaintiff.

*J. F. Kiernan*, for the defendant.

QUA, J. This action is brought for the purpose of recovering the sum which the plaintiff paid to the defendant for the tuition and expenses of the plaintiff's son Brevoort Hood at the defendant's academy for the school year beginning in September, 1928. The defendant expelled Brevoort from the school in March, 1929, before the end of the school year for which the plaintiff had paid.

The crucial question to be decided upon the present report is whether there was any evidence of breach of contract by the defendant in expelling the plaintiff's son.

The plaintiff concedes that it was a term of the contract that "In case a boy ceases to retain his membership in the school, for any reason, the parent is responsible for the full tuition fee and must sustain the financial loss involved." We will assume, however, but without deciding, that this provision is to be so construed that where membership in the school is terminated by the sole decision of the defendant, that decision must have been made in good faith and upon reasonable grounds and not arbitrarily or capriciously. See *Chandler, Gardner & Williams, Inc.* v. *Reynolds*, 250 Mass. 309, 314. See as to public schools *Watson* v. *Cambridge*, 157 Mass. 561; *Morrison* v. *Lawrence*, 181 Mass. 127; *Barnard* v. *Shelburne*, 216 Mass. 19. On the other hand, it is an implied condition of such contracts that the student will obey reasonable rules and regulations of the school. *Curry* v. *Lasell Seminary Co.* 168 Mass. 7, 8. *Teeter*

v. *Horner Military School,* 165 N. C. 564. See *Hodgkins* v. *Rockport,* 105 Mass. 475; *Hall* v. *Mount Ida School for Girls, Inc.* 258 Mass. 464; *Antell* v. *Stokes,* 287 Mass. 103, 107–108.

The evidence bearing upon the grounds for expulsion was substantially this: It was a rule of the school that no student should smoke in the village of Marion. Both the plaintiff and Brevoort knew this, but whether they knew it before the money was paid does not appear. In November, 1928, a teacher reported to the faculty that he thought he heard Brevoort say that he was going around an old building to have a smoke. Brevoort "tried to deny" smoking, but "he didn't succeed." In March, 1929, Brevoort admitted to one of the teachers that he had been smoking at a barber shop in the village. When he appeared before the head master he denied it. On March 22 Brevoort was expelled by vote of the faculty for smoking in the village and his card was marked "disobedience." Brevoort had been disciplined often for breaches of the rules, and as a result his efficiency record was very low. His report cards showed very low scholastic records. "He was an ugly chap to handle." He was expelled "for an accumulation of breaches of discipline including smoking in the village." He had been expelled because of the accusations of these teachers. The basis of the expulsion was "merely accusations." The head master told the plaintiff at an interview that maybe he could arrange to cancel the expulsion and that he would see whether he could get the faculty to reverse their decision, but later reported that the expulsion could not be cancelled.

We see nothing in this evidence tending to show that Brevoort's expulsion was arbitrary or capricious or that it was not made in good faith and for reasonable cause. The rule against smoking in a school of this kind,* whether it became part of the original contract or not, cannot be found to be unreasonable. There was cause to believe that

---

* The description of the school in the record was that it was "a school for boys and girls located at Marion, Massachusetts, and is supported by an endowment and some private subscriptions and includes in its curriculum some nautical training." — REPORTER.

Brevoort had broken this rule. The record tends to show that investigation was made. No particular form of evidence or hearing was required. The boy's conduct was unsatisfactory in other respects than smoking. The duty of enforcing discipline and of determining the manner of enforcement rested upon the officers of the school. If, as the plaintiff suggests, the jury might not have believed this evidence, there would remain nothing to sustain the burden which rested upon the plaintiff of proving breach of contract by the defendant. See *Manson* v. *Culver Military Academy*, 141 Ill. App. 250.

As by the admitted terms of the contract the tuition and expense fee was paid for the school year as an entirety, even though the student should cease to be a member of the school during the year, *Curry* v. *Lasell Seminary Co.* 168 Mass. 7, *Hall* v. *Mount Ida School for Girls, Inc.* 258 Mass. 464, 467, *Van Brink* v. *Lehman*, 199 App. Div. (N. Y.) 784, and as the evidence would not justify a finding of breach of contract by the defendant, the judge rightly entered a verdict in its favor.

*Judgment for the defendant on the verdict.*