ANSELM BAER, Respondent, *v.* UNITED STATES LINES COMPANY, Appellant.*

Supreme Court, Appellate Term, First Department, July 6, 1943.

* See, also, *Strauss* v. *United States Lines Co.*, 180 Misc. 664.— [REP.

*William H. Postner* and *John F. X. McKiernan* for appellant.
*Lewis Nadel* for respondent.

*Meyer Kraushaar* for Hermann Eckstein and another, *amici curiae.*

*Per Curiam.* The deposit by plaintiff with defendant of reichsmarks under the receipt given was made in accordance with the German Devisen Laws,* under which refund could only be made to plaintiff or his nominee in Germany as therein prescribed. Proof by plaintiff of the withdrawal by defendant, under special permit of the German Government, of reichsmarks exchanged for dollars, which were transferred to the United States, did not cast upon defendant the burden of proof or of going forward with the proof that the reichsmarks of plaintiff were not similarly withdrawn. The burden of proof that defendant had transferred plaintiff's reichsmarks to the United States in dollars was upon plaintiff. As performance of the contract was lawfully prevented on November 4, 1939, by the United States Neutrality Act of 1939 (U. S. Code, tit. 22, § 441 *et seq.*) and the Proclamation of the President (Proclamation No. 2376, European North Atlantic Region), there was no liability on defendant United States Lines Company, a Nevada corporation, to furnish transportation and it was rendered immune in our courts to any claim for damages for breach of the contract. There was no ticket for transportation delivered; on that date its prospective provisions were not part of the existing agreement between the parties, and defendant's offered proof of the contents of such tickets was properly excluded. There could be no performance of the agreement after November 4, 1939, and the law of the place of performance has no application. The expectation that the United States Government will require Germany to reimburse defendant for all its property confiscated by reason of war, a privilege not to be expected by plaintiff in respect of his property, furnishes no ground for requiring defendant to pay plaintiff. Should plaintiff's proof establish that defendant succeeded in freeing plaintiff's money from the restrictions of the Devisen Laws, or has same here, then defendant should pay plaintiff.

Plaintiff is entitled to a refund from defendant as and for moneys had and received, because, under equitable principles, one who receives funds of another in consideration for the performance of an agreed-upon act, or duty, is required to repay the same to the other who is without fault when the act or duty

---

* Relevant portions of the German Devisen Laws in force on the date the receipt was given state:

"Refunds for passages not fully used may only be made within Germany in reichsmarks. * * *."

"Refunds for board money not used can be made in reichsmarks only unless it is proven that the board money had been acquired with foreign exchange." (Circular Decree of May 10, 1938.) — [REP.

is not or cannot be performed, since the law creates or implies a promise to repay. (*Berri* v. *City of New York,* 16 N. Y. S. 2d 86, affd. 259 App. Div. 453.) If the parties provide by contract for the character and manner of refund, such provision is binding upon them. In the absence of such provision, refund may be demanded any place the party holding the funds is found. When demanded in the United States of America, in the absence of a controlling provision of the parties' agreement, the dollar value of reichsmarks may not be computed at the forty cents per reichsmark which is the official rate of exchange adopted by the German Government in transactions controlled by it, as the obligation of the defendant would be to return passage money and board money paid in reichsmarks. Where the demand is made in New York, in determining the amount of the judgment expressed in our currency the rate of exchange prevailing in New York at the time of the demand should, under ordinary circumstances, be applied. (*Hoppe* v. *Russo-Asiatic Bank,* 235 N. Y. 37, 39; *Parker* v. *Hoppe,* 257 N. Y. 333, 341.)

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

HAMMER and HECHT, JJ., concur; SHIENTAG, J., dissents.