Liston F. Coon, J.
Plaintiff has brought an action to foreclose a lien upon a dog pursuant to the Lien Law for care rendered by plaintiff to defendant’s pointer dog.
The facts are not in deep dispute. At a field trial held at Baldwinsville, New York, in early October of 1959, plaintiff entered into an arrangement with defendant, for a consideration of $35 a month, to take the latter’s pointer, Santella Sambo, to train same, including necessary board and keep. Plaintiff removed the dog to his kennels in Schuyler County and proceeded to ‘ ‘ work ’ ’ the dog for about four days. On October 9 plaintiff was training Sambo on his own property. After working the dog on foot for some time, the dog’s attention was attracted by three deer which emerged from the woods. The dog took up the chase of the deer, disappearing into the woods. Plaintiff, according to the testimony, and confirmed by the witness Beverlein, called after the dog and proceeded to search the area. Sometime later he was advised that the dog had been struck on the State highway and injured. The highway was about one mile from where the dog was last seen by the plaintiff. Plaintiff removed the dog to a small animal hospital where the dog, in time, recovered, but his injuries prevented further training.
Plaintiff notified defendant immediately of Sambo’s injury and in reply received a post card from defendant asking further details which plaintiff supplied. Thereafter numerous letters *916 were sent by plaintiff to defendant, mainly of the same tenor — what to do with the dog and bills for the dog’s care. Eleven such letters were entered in evidence. Defendant claims to have written once, in addition to the post card, which plaintiff could not recall, but otherwise no communication from defendant to plaintiff was had.
Apparently out of exasperation, plaintiff ceased to write further and brought this action. Defendant has counterclaimed for damages to the dog on a theory that plaintiff was negligent in allowing the dog to get upon the highway and seeks damages in the amount of $5,000.
The case was tried before the court without a jury.
The court will first take up defendant’s counterclaim.
Plaintiff’s taking of defendant’s dog was in the nature of a bailment. There was no special agreement as to the bailee’s liability. Plaintiff’s obligation therefore was to use ordinary care in keeping and preserving the dog and is liable only for ordinary negligence. (Siegel v. Eisner, 138 N. Y. S. 174.)
Ordinary care depends upon the circumstances of the particular case and is determined by reference to probable conduct of reasonably prudent men under similar conditions.
In this case the course of conduct of the plaintiff would include a consideration of the manner in which he handled the dog and the ordinary techniques employed in field training of a bird dog.
To recover against plaintiff, defendant must show that the former negligently handled the dog in its training, resulting in injury to the dog. Defendant stresses the point that plaintiff should have been on horseback training the dog so that he could have followed the dog more closely when he took up the chase of the deer. The court cannot accept such a theory. There was no proof that the plaintiff could have followed the dog more closely. The dog entered the woods where chase by horseback would have been highly impracticable if not impossible. No evidence was forthcoming which would indicate that the mile distance to the highway where the dog was eventually struck was across open ground where a horse could have followed.
Furthermore the court does not find that it was foreseeable that the bird dog would chase deer, or that it was even foreseeable that the deer would appear in the training area. The training area was situated in a place which indicates that the plaintiff used the amount of care necessary to avoid traffic or other dangers to animals. When Sambo ran off, plaintiff did all that could be expected to stop or head off the dog by calling and searching the area continuously until notified of its injury.
*917 The court can find no negligence on the part of the plaintiff and, therefore, dismisses defendant’s counterclaim.
Now as to the relief plaintiff seeks. The evidence shows an agreement for training and care for $35 a month. Plaintiff alleges in his complaint that ‘ ‘ plaintiff did undertake to care for and board the said dog at an agreed price and for the reasonable value of Twenty Dollars ($20.00) per month”.
We have seen that the original contract between the parties, in the nature of an express contract, was that the plaintiff would train and care for defendant’s dog for $35 per month.
Defendant points this out in his brief and alleges that this variance should bar plaintiff’s recovery.
However it is abundantly clear from the evidence that plaintiff could not substantially comply with the original contract due to the injury sustained by the dog. Defendant was immediately informed of the injury and knew that substantial performance could not be had, that is to say, he knew the dog could not be trained in an injured condition. Yet he permitted plaintiff to keep the dog and care for him, thereby receiving benefits from such part performance as plaintiff could give.
If there is not a substantial performance of a contract, but one party accepts the part performance made with full knowledge at the time that substantial performance cannot be made and receives substantial benefit from such part performance, an implied contract arises to pay the reasonable value of the part performance. By the decided weight of authority, recovery may be had for the value of the services actually rendered where the performance of an entire contract for personal services is prevented by sickness or death. (See 10 N. Y. Jur., Contracts, § 336, p. 311.)
In the court’s opinion such a situation is not restricted to sickness or death of the contracting parties alone, but applies equally as well to the object of a contract where the same is a living being, as here.
Plaintiff alleges in his complaint both an agreed price and reasonable value of the dog’s care. When both an agreed price and reasonable value are alleged, proof of one or the other is sufficient. (Rubin v. Cohen, 129 App. Div. 395.)
There was ample testimony that the reasonable value of the dog’s care was at least $20 per month.
The court finds that plaintiff has established a valid lien upon defendant’s dog and that the amount of same at the time of trial was $383.