## MASSACHUSETTS GENERAL HOSPITAL

v.

## BERNADETTE C. SHYNE

*Present:* Nash, C.J., Cox & Murphy, J.J.

Case tried to *Tamkin, J.* in the District Court of East Norfolk, No. 37730.

*Murphy, J.* This is an action of contract in which the plaintiff seeks to recover a balance due of $300 plus interest on a written contract signed by the defendant. The defendant's answer is a general denial and payment.

The defendant duly filed as plaintiff in set-off a declaration in set-off to recover $229.32 plus interest and costs on the ground she overpaid the plaintiff that amount as a result of miscalculation.

The answer of the plaintiff as defendant in set-off is a general denial.

The case was submitted to the court upon an agreed statement of facts which is as follows:

"(1) The written agreement upon which the plaintiff has declared is contained in the card marked 'Exhibit 1'. (This is attached to the report.)

(2) The defendant has made payments as they appear on the reverse side

(3) The defendant's daughter, Mary, was terminated from the school for academic reasons on March 4, 1964.

(4) The defendant's daughter, Mary, re-

ceived from the plaintiff from the date of her admission to the date of termination of her studentship on March 4, 1964 all of the usual instruction, training, room and board and other incidentals furnished by the plaintiff to all the students in the same class."

The court found for the plaintiff in the sum of $300 and for the plaintiff as defendant in set-off.

The defendant filed requests for rulings, and the court took no action thereon.

The defendant claims to be aggrieved by the finding for the plaintiff in the sum of $300 and by the finding and decision of the court against the defendant as plaintiff in set-off.

Since this case was submitted to the court upon an agreed statement of facts or as a "case stated" request for rulings have no standing and the appeal is from the finding of the court. *Associates Discount Corporation* v. *Gillineau,* 322 Mass. 490 and cases cited.

The question is, was the finding of the judge correct upon the agreed statement of facts.

Exhibit 1 is attached to the report in this case and in substance is a contract between the defendant's daughter with the mother (the defendant) acting as her agent, and the Massachusetts General Hospital School of Nursing whereby the defendant agreed in writing to pay a certain amount of money for the opportunity of

attending said school and obtaining whatever benefits she might derive thereby for training as a student nurse. From the record it appears she entered on or about September, 1963 and resigned on March 4, 1964. The contract is in the form of a card, Exhibit A. On the front side of the card, the printed material indicates a total payment over the school year of $1,140.09 and states payment is to be made as follows: $285.09 on September 1, 1963, $285.00 on December 1, 1963, $285.00 on March 1, 1964 and $285.00 on June 1, 1964. There was paid on account on September 10, 1963 as registration $650.00 and on May 6, 1964, $179.41. A credit was given of $10.68 on March 1964, leaving a balance due of $300.00.

According to the contract as stated above, $650.00 was paid in September, and the balance of $490.09 is indicated on this instrument as being due March 1, 1964. In that contract there is the following phraseology inserted just before the signature and this was signed by Mary Shyne's mother, Bernadette C. Shyne, who brings this action on her daughter's behalf: "I understand that separation from the MGH School of Nursing *for any reason* does not entitle me to any refund or cancel in while or in part, any outstanding indebtedness to the School." This language is specific and states without equivocation, that the defendant shall be liable for the tuition and other charges regardless of the reason for her separation from school.

This does seem to be a harsh rule, particularly, in this case where the student nurse was allowed to resign on March 4, 1964 for academic reasons, indicating that she was not doing well in her studies and in effect was dropped from the school. Three days later, the plaintiff sent a bill for the balance due on the contract for the entire school year.

However, in the absence of bad faith, we think the phraseology in the contract to the effect that separation from the school "for any reason" is decisive of this case and entitles the plaintiff to recover in this action, and we cannot say such phraseology is unreasonable. *Hood* v. *Tabor Academy*, 296 Mass. 509. In this case, the court ruled that the tuition and expense fee under the terms of the contract for the school year should be construed as an entirety. In other words, a contract for the entire school year. See also *Hall* v. *Mt. Ida School*, 258 Mass. 464. In this case the girl was expelled for having secretly married, and the court held there could be no recovery for the tuition paid on the balance of the year, the contract being indivisible. We can see no great distinction between this case where the girl was expelled for violating the rules and the instant case where there was a failure of the defendant's daughter to maintain the necessary academic standing. The school was not at fault in either case. Furthermore, at this late date in the school year, it would be almost impossible for the school to

procure another student to replace the defendant's daughter, and one who would pay the charges for this unfinished term. This would seem to point up the reason for inserting the words "for any reason" in the contract.

The amount due was for the whole school year. There is nothing vague or ambiguous the contract as the defendant argues in her brief. The amount is certain—the school year is defined—only the method and manner of payment was varied. The contract called for quarterly payments, but the defendant chose to pay them on a semester basis. The contract was indivisible and was for the entire school year.

The plaintiff has fully performed its obligations under the contract, and the judge was right in finding for the plaintiff.

That finding is hereby affirmed, and it is, therefore, unnecessary for us to discuss the other questions raised by the plaintiff in its brief.

There being no prejudicial error, an order should be entered **dismissing the report.**

ALBERT J. TIERNEY, JR.

of Boston for the Plaintiff.

ARTHUR F. FLAHERTY

of Boston for the Defendant.