Maurice Wahl, J.
Plaintiff is suing for a refund of tuition in the amount of $885. Before the court is a motion by defendant, Briansky Saratoga Ballet Center Inc., to dismiss the complaint and grant summary judgment in its favor.
The facts as presented on the motion papers are as follows: On January 3, 1971, the plaintiff signed an agreement enrolling her daughter, Lisa in defendant’s ballet school for a six-week summer session to commence July 4th and end August 15, 1971. The school is located during the summer months on the Skid-more College campus in Saratoga Springs, New York. Prior to the commencement of the term, plaintiff paid the tuition fee of $885 which by the terms of the agreement covered instruction in ballet as well as room and board for her daughter. The agreement provided: “ Tuition will be refunded if the student withdraws a week before the opening of the school. In any case of *531 withdrawal or dismissal after the term has begun, the school reserves the right to retain the tuition fee. No deductions will be made for absences.”
The plaintiff’s 15-year-old daughter arrived at the ballet center in Saratoga Springs on July 4th. She was able to participate in the program for approximately three days. Thereafter, due to illness, specifically, infectious mononucleosis complicated by hepatitis, it was necessary for her to return home for medical treatment and rest. The affidavit of the child’s doctor indicates that she was confined to bed from July 10 to August 20. The plaintiff contends that the parties are discharged from the obligations under the contract by virtue of “impossibility of performance ” by her daughter. Predicated upon this alleged discharge, plaintiff claims she is entitled to recover the prepaid tuition.
On the other hand, defendant urges on the motion for summary judgment that the clause in the contract quoted above reserving the right of the school to retain the tuition in any case of withdrawal precludes plaintiff’s claim of impossibility of performance as a matter of law. Specifically, defendant argues that since the parties have expressly agreed in their contract concerning the manner and character of the refund, that such provision is binding (citing Baer v. United States Lines Co., 180 Misc. 456).
The court does not agree that the clause in the agreement is so unequivocal as to preclude a construction which may excuse performance by reason of illness. This agreement under which plaintiff’s child was to receive training in a social skill, was inherent with the condition that such infant could partake of the instruction. The unfortunate intervention of illness, beyond plaintiff and her infant daughter’s control, is in this court’s opinion not within the contractual language that, ‘ ‘ in any case of withdrawal”. Such language contemplates an affirmative act on plaintiff’s part to withdraw her daughter from the school, as a voluntary act. Here, for reasons beyond plaintiff’s control, by an act of G-od, illness, the infant was prevented, although willing to partake in the instruction.
The defendant, as the author of the contract, chose words of limited application. “Withdrawal” is not “disability” by reason of an illness. Withdrawal implies self-inducement. In this respect, Drucker v. New York Univ. (59 Misc 2d 789) demonstrates the point. There, plaintiff, after enrollment, resigned (withdrew) and re-enrolled in another school. A clear case of breach of contract without cause by plaintiff was spelled out. That is not the case at bar.
*532 Furthermore, it appears to this court that where the primary purpose of a contract is to permit a specified person to perform in a certain manner, there is implied at law an intent by the parties to hold each other liable only if the health and life of that party is such as to permit continued performance, unless a contrary intent appears in the contract. (Stewart v. Loring, 5 Allen [87 Mass.] 306, wherein the court held that a promise to pay a specified sum for the instruction of a pupil, for an ensuing period, was discharged by the illness of the pupil.) See, also, Lacy v. Getman (119 N. Y. 109); Spalding v. Rosa (71 N. Y. 40).
It is the general rule in New York that “ ‘ Into every contract of personal services the law reads ” the “ implied condition” that sickness or death shall be an excuse for non-performance. ’ ” (Minevitch v. Puleo, 9 A D 2d 285, 287, citing Matter of Buccini v. Paterno Constr. Co., 253 N. Y. 256.) To come within the purview of this general rule, the act or acts to be performed must be such that they can be performed only by this particular individual named in the contract. An agreement such as here to provide for instruction and training in the technical art of ballet is clearly a personal service contract for both parties to the contract. The student who chooses to apply to the school is intended to personally partake of the instruction offered, while the school has selected among the applicants this particular student to instruct and train. Neither party contemplates substitution by another; their relation is personal and dependent on individuality of the contracting parties. Both parties must be supposed to contemplate the continuance of the ability of the student to perform and the capacity of the school to offer to perform.
In this tuition and board contract before the court, neither side expressly provided in the agreement to undertake the risk that occurred, i.e. serious illness of the student. In this respect the case differs from William v. Stein (100 Misc. 677) and Drucker v. New York Univ. (59 Misc 2d 789, supra) wherein the contracts for tuition and board specifically provided for a refund of the deposit or tuition in case of “ serious ” or “ protracted ” illness. Therefore, an implication arises that the contract included the condition subsequent that the parties shall be capable of performing and that sickness or death of the student operates to terminate the contract and release the parties from their contractual obligations.
In effect the court is releasing the parties from their contractual obligations due to a failure of consideration. The value of the counterperformance bargained for by the plaintiff has been almost totally destroyed by the illness of her daughter, *533 an involuntary and unforeseeable event, although literal performance by the school is still possible. The purpose of the contract has been totally frustrated. (Marks Realty Co. v. Hotel Hermitage Co., 170 App. Div. 484.)
Defendant should be entitled to that portion of the prepaid tuition representing the reasonable value of the services rendered during the short period plaintiff’s daughter was able to attend the school on the theory of quasi-contract. The court may imply from the acceptance of some benefits under the contract an agreement to pay for their reasonable value although performance of the entire contract is prevented by sickness of the student. (See Griffin v. Ruping, 30 Misc 2d 914.)
Accordingly, the defendant’s motion to dismiss the complaint is denied. The court in searching the record grants summary judgment in favor of the plaintiff except insofar as the defendant is entitled to retain the amount of the prepaid tuition representing the reasonable value of the services actually rendered by the defendant. The matter is thus set down for an assessment of damages in Special Term, Part II, on Feb. 7,1972, at 9:30 a.m.