385 So.2d 292 (1980)
Elmo A. ALTAZAN, Jr.
v.
PONTCHARTRAIN DREDGING CORPORATION and Louisiana Materials Co., Inc.
No. 13003.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
On Rehearing May 5, 1980.
Thomas H. Benton, Benton, Benton & Benton, Baton Rouge, for plaintiff, appellee.
John J. Broders, Warren M. Schultz, Jr., New Orleans, for defendant, appellant, Pontchartrain Dredging Corp.
Neal D. Hobson, Joseph W. Looney, New Orleans, for defendant, appellant, Louisiana Materials Co., Inc.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Defendants appealed from a judgment awarding damages for destruction of crab traps by dredges.
The issues are the liability of the defendants and the amount of damages.
We amend and affirm.
Plaintiff purchased 200 crab traps in place in Lake Pontchartrain and fished these traps on an almost daily basis. On October 10, 1976 plaintiff noted a dredge belonging to defendant, Pontchartrain Dredging Corporation, operating in the area of his traps. After the dredge left, plaintiff counted his traps and found 54 of them missing.
On November 1, 1976, plaintiff came upon two dredges belonging to defendant, Louisiana Materials Company, in the middle of his traps. Plaintiff discovered 96 more of his remaining traps missing afterwards.
The pivotal issues in this case are credibility of the witnesses and sufficiency of the evidence.
Defendants tried to prove that the dredges could not have sucked up the traps because there was no down time recorded in the log books for removal of traps from the *293 dredges' machinery. However, the trial court judge found that the traps could have been destroyed by the dredges in other ways. For example, the dredges could have hit the traps or moved them out of line.
The trial court also found that the traps were adequately marked by large orange floats and that the defendants were negligent in causing the traps to be lost. We find no manifest error in this decision.
The trial court awarded damages based on the cost of the traps and the estimated loss of revenue from the time of the loss until November 13. The court disallowed any losses after that date since plaintiff did not crab.
The doctrine of mitigation of damages applies in Louisiana in both contract and tort. See Dupre v. Tri-Parish Flying Serv., Inc., La.App., 355 So.2d 554 (3rd Cir. 1978) and the cases cited therein. Therefore we find that the trial court was in error in granting damages for the entire time period plaintiff was without the traps. We feel plaintiff could have replaced the traps within seven days. We grant plaintiff damages for the loss of profits over seven days.
We also find the trial court in error in granting damages for two crabs per trap per day. The plaintiff himself testified that he caught 1.8 crabs per trap per day, and we therefore grant an award based upon that figure.
We award damages against Pontchartrain Dredging Corporation in the amount of $567.68 plus interest from date of judicial demand. That figure is comprised of $270.00 for loss of 54 traps, $170.10 for loss of income from the sale of soft shell crabs, and $127.58 for loss of income from the sale of hard shell crabs.
We award damages against Louisiana Materials for $1,027.20 plus interest from date of judicial demand. That amount includes $480.00 for the loss of 96 traps, $320.40 for the loss of income from the sale of soft shell crabs, and $226.80 for the loss of income from the sale of hard shell crabs.
For the above reasons the judgment of the trial court is amended and affirmed. The costs of this appeal are assessed to the appellee.
AMENDED AND AFFIRMED.

ON REHEARING
PER CURIAM.
We granted a rehearing for the purpose of examining the assessment of costs.
After reconsidering this question we believe that the costs should be assessed against the appellants, since the judgment of the trial court on liability was affirmed, and the amounts amended only.
For these reasons we amend the prior decision herein by assessing the costs against the appellants. In all other respects the judgment is reinstated.
AMENDED AND REINSTATED.