457 So.2d 767 (1984)
Hermann MOYSE, III and Janet Doise Moyse
v.
The RUNNELS SCHOOL, INC.
No. 83-CA-1003.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*768 Thomas E. Balhoff, Baton Rouge, for plaintiffs-appellants.
Joseph A. Perrault, Jr., Baton Rouge, for defendant-appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
From a judgment dismissing their suit to recover prepaid tuition, plaintiffs appeal. We affirm.
In April 1982, Mr. and Mrs. Moyse registered their five-year-old son, David, in The Runnels School, and paid his 1982-83 tuition and fees in advance. On April 29, Mrs. Moyse signed an enrollment agreement which contained the following language:
I understand that this enrollment can be canceled by me with full refund of all fees and tuition submitted with this form if the program checked is not offered at the location indicated. Otherwise, I may cancel this enrollment for any reason before May 1, 1982, with refund of any prepaid tuition but with forfeiture of other fees. I understand that if this registration is not canceled before May 1, 1982, I am responsible for the full year's tuition, except in the event of (a) catastrophic illness, (b) transfer from the greater Baton Rouge area, or (c) disenrollment initiated by the school. Under any of these three circumstances tuition only will be prorated but other fees will be forfeited.
About three weeks before the beginning of the school term David was accepted by another school, and Mr. and Mrs. Moyse withdrew David from The Runnels School, preferring to send him to the other school. Since David never attended The Runnels School, Mr. and Mrs. Moyse asked Dr. Kelly Runnels, the president of the school, for a refund of the prepaid tuition and fees.
Dr. Runnels testified at trial that he told Mr. and Mrs. Moyse that if a replacement could be found for David, some kind of refund would be made. However, he also testified that he told the Moyses it would be difficult to find a replacement in such a short time, particularly since the school was then in the process of moving to a new location. According to Runnels, the money was not refunded because no replacement was found. The plaintiffs filed this suit to recover the money prepaid, claiming that the school had a duty to look for a replacement and that it did not do so.
Mr. and Mrs. Moyse do not contend that they were unaware of the school's refund policy. Neither did Mrs. Moyse deny that she signed the agreement which contained the provision that tuition refunds would be made only under certain circumstances.
Legal agreements have the effect of law upon the parties, and courts must give legal effect to contracts, according to the true intent of the parties. The intent is to be determined from the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art. 1945; Texaco, Inc. v. Vermilion Parish School Board, 244 La. 408, 152 So.2d 541, 547-48 (1963); Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392, 421 (1958) (on rehearing). The words of the contract could not be clearer. *769 An enrollment could be canceled for any reason before May 1, 1982, and the party would receive a full refund of any prepaid tuition but forfeit other fees. Otherwise, however, the party is responsible for the full year's tuition, except in three events: (1) catastrophic illness, (2) transfer from the greater Baton Rouge area, or (3) disenrollment initiated by the school.
When parties have determined by the contract the amount of damages for breach of that contract, the creditor shall recover that sum. LSA-C.C. art. 1934. Mr. and Mrs. Moyse canceled their son's enrollment at the school after May 1, 1982, and the cancellation was not for one of the three accepted reasons. They are therefore responsible for the full year's tuition and fees.
A tuition refund policy was enforced in Guillot v. Spencer Business College, Inc., 267 So.2d 738 (La.App. 4th Cir.), cert. denied, 263 La. 986, 270 So.2d 122 (1972). After the school term began, plaintiff's son voluntarily withdrew from the school to enlist in the armed forces. Plaintiff then sued to recover unearned tuition. By the terms of the refund policy agreed upon by the parties in the contract, the plaintiff was entitled to a refund of 55% of the cost of the total course. Because the school had refunded more than 55%, the court denied the plaintiff's demand.
Plaintiffs contend, however, that the trial court erred by refusing to apply the doctrine of mitigation of damages. An injured party has the duty to mitigate his damages, Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823, 825 (1968), and the rule applies in both tort and breach of contract cases. Altazan v. Pontchartrain Dredging Corp., 385 So.2d 292, 293 (La.App. 1st Cir.1980). Nevertheless, we have found no authority for the application of the doctrine of mitigation of damages to defeat the plain terms of an otherwise enforceable agreement which provides for liquidated damages.
For the foregoing reasons, the judgment in favor of defendant is affirmed and all costs of this appeal are assessed against plaintiff appellant.
AFFIRMED.