546 So.2d 1139 (1989)
Ovidio PEREZ, Appellant,
v.
AEROSPACE ACADEMY, INC., d/b/a Miami Aerospace Academy, Appellee.
No. 88-761.
District Court of Appeal of Florida, Third District.
July 25, 1989.
*1140 Max A. Goldfarb, Miami, for appellant.
No appearance, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
COPE, Judge.
After two months' attendance at a private academy, plaintiff's daughter was expelled for an infraction of the rules. Plaintiff conceded that the school acted properly in expelling his daughter, but brought an action for a partial refund of tuition, room and board charges. The school counterclaimed for the contract amount remaining unpaid. The trial court ruled for the school, and plaintiff appeals.[1]
This appears to be a question of first impression in Florida. The majority of jurisdictions hold that, upon voluntary withdrawal or expulsion, the full amount of tuition, room and board remains due and payable. E.g., Brenner v. Little Red School House, Ltd., 302 N.C. 207, 274 S.E.2d 206, 210 (1981); Annot., Absence from or Inability to Attend School or College as Affecting Liability for or Right to Recover Payments for Tuition or Board, 20 A.L.R. 4th 303 (1983). Contra Mount Ida School for Girls, Inc. v. Rood, 253 Mich. 482, 235 N.W. 227 (1931). The majority rule rests upon the premise that a private educational institution must make budgetary commitments for a year at a time, and that the acceptance of a place by one student may prevent the school's enrolling another. See generally Annot., 20 A.L.R. 4th 303 § 2. The result is otherwise where the school itself has acted wrongfully, *1141 e.g., Fairmont School, Inc. v. Bevis, 210 N.C. 50, 185 S.E. 463 (1936), or where the occurrence of a serious illness or disability has prevented the student from attending. E.g., Dubrow v. Briansky Saratoga Ballet Center, Inc., 68 Misc.2d 530, 327 N.Y.S.2d 501 (N.Y. Civ. Ct. 1971); see generally Annot., 20 A.L.R.4th 303 §§ 3[b], 5. The latter circumstances are not present here.
We align ourselves with the majority rule, subject to two additional qualifications which may be applicable here. First, the school is under an obligation to act reasonably to mitigate damages. Fayman v. Trustees of Burlington College, 103 N.J. Super. 476, 247 A.2d 688, 690 (Ch.Div. 1968). Thus, where the policy of the school is to admit transfer students during the school year, and the school admits a replacement student in place of the expelled student, then credit should be given to the extent of the mitigation. Id. We do not mean to suggest that a school would be obliged to actively recruit a replacement for the expelled student, but where the school actually fills the place of the absent student, the school's damages will be mitigated to the extent of the new student's payments. To conclude otherwise would create a dual recovery for the school and a penalty to the parent of the expelled student.
Second, in a boarding school setting, as is true here, the withdrawal of a student should reduce the school's expenditures on food, and possibly other out-of-pocket board charges.[2] If the amount of the school's out-of-pocket savings on board charges is readily ascertainable, then appellant would be entitled to a credit in that amount.
In the instant case the contract provided that the full charge for tuition, room and board would constitute liquidated damages in the event of breach. The trial court found that actual damages were not readily ascertainable and enforced the liquidated damages provision.
A liquidated damages provision will be sustained where damages are not readily ascertainable at the time the contract is entered into, provided that if circumstances existing at the time of breach "demonstrate that it would be unconscionable to allow the seller to retain the sum in question as liquidated damages, equity may relieve against the forfeiture." Berndt v. Bieberstein, 465 So.2d 1264, 1265 (Fla. 2d DCA 1985) (citing, inter alia, Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla. 1972)).
We are in accord with the trial judge's reasoning with respect to the room and tuition charges. The trial judge properly rejected plaintiff's theory that the contract price should be converted into a per diem rate and billed only for days actually attended. However, insofar as the liquidated damage clause fails to provide credit for sums received from a replacement student (if any), the clause operates as a penalty. As the trial court's findings do not address that issue, a remand is necessary.
The liquidated damages clause potentially also operates as a penalty, or unconscionably, to the extent that it fails to allow credit for out-of-pocket savings realized by the school on board charges, if those are readily ascertainable. While the trial court findings do address the tuition, room and board charges as a lump sum, there are no separate findings as to the board charges specifically.[3]
We therefore reverse the judgment and remand for a determination whether appellant is owed any credit by reason of payments received from a replacement student, if any, or on account of savings attributable to readily ascertainable board charges, and thereafter to enter judgment based on the contract amount less credit, if any.
Reversed and remanded.
HUBBART, J., concurs.
*1142 BARKDULL, Judge, dissenting.
I respectfully dissent from so much of the majority opinion that remands the cause for further proceedings. I would affirm the trial court's final judgment.[1]
The pupil was expelled for cause. The monies paid in advance for meals and tuition should not be refunded, but should be treated as liquidated damages as found by the trial judge. The pupil violated the school rules, was admittedly validly expelled, and there should be no return of the monies paid in such an instance. Bergman v. Bouligny, 82 A.2d 760 (D.C.Mun.App. 1951); Moyse v. Runnels School, Inc., 457 So.2d 767 (La. Ct. App. 1st Cir.1984); Hall v. Mount Ida School for Girls, 258 Mass. 464, 155 N.E. 418, Anno. 50 A.L.R. 1497 (Mass. 1927); Brenner v. Little Red School House, Limited, 302 N.C. 207, 274 S.E.2d 206, Anno. 20 A.L.R. 4th 295 (N.C. 1981). There might be reason for a different rule, although we are not called upon to decide such, if the pupil had not been expelled. But in the instant case, I would adopt the "general" rule as relates to this subject as announced in 78 C.J.S. Schools and School Districts § 9 (1952).
"A contract to give a complete course of instructions or to furnish instruction, board, or the like for a specified period of time is entire, in the absence of any agreement or stipulation to the contrary, so that the school is entitled either to the whole sum agreed on or to nothing, as the case may be, and there can be no part performance or partial recovery. As a general rule, the suspension or expulsion of a pupil for good cause does not preclude the recovery of charges agreed to be paid or the retention of those paid in advance, and, where a pupil withdraws or is removed or withdrawn during the school term or course, the school is entitled to the stipulated fee or charge, except when it has been otherwise agreed to the contrary, unless the withdrawal was justified by the acts or omissions of the school or its teachers; but in some jurisdictions, if a pupil withdraws from a school, the school is entitled to recover only the damages actually sustained by breach of the contract and not the entire tuition price contracted to be paid."
The majority's position appears to be the minority rule in this country. Therefore, for the reasons stated, I would affirm the final judgment in its entirety.
NOTES
[1] The appellee school has not favored us with a brief.
[2] That assumption would be incorrect if the purchases were arranged on an annual contract not subject to reduction.
[3] We emphasize that plaintiff must show such charges are readily ascertainable, without an elaborate accounting inquiry.
[1] The judgment reads in part as follows:

"5. That the actual damages caused to the Defendant are not readily ascertainable and the amount of liquidated damages is not disproportionate to the cost or expense involved nor is the amount of the liquidated damages unreasonable.
6. The parties agreed to the liquidated damage clause to avoid further litigation of the damage issue. Although no additional faculty was hired or expenses incurred by having Miss Perez enrolled in the academy or for the education opportunity offered to her for the year, nevertheless, space was kept for her in the program, a yearly budget was arrived at based upon the number of students to attend, and her termination was by no fault of the defendant academy.
Additionally, the Court has considered the nature and character of the contract and the services to be provided by its terms and purpose and the circumstances surrounding its execution and does hereby conclude that the liquidated damage clause is valid and not a penalty."