**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3388-17T3

WATERFRONT MONTESSORI,
LLC,

    Plaintiff-Respondent,

v.

FRANK XU and XIAOMIN LI,

    Defendants-Appellants.

_____

Argued March 12, 2019 – Decided April 11, 2019

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3123-16.

Charles A. Yuen argued the cause for appellants (Scarinci & Hollenbeck, LLC, attorneys; Charles A. Yuen, of counsel and on the briefs).

Cindy N. Vogelman argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; Cindy N. Vogelman, of counsel and on the brief; Kirstin Bohn, on the brief).

PER CURIAM

In this contract dispute over payment of private-school tuition, defendants appeal from a February 21, 2018 Law Division order granting summary judgment to plaintiff, Waterfront Montessori, Inc. For the reasons that follow, we affirm.

On January 25, 2016, defendants executed a tuition agreement (the Agreement) for the 2016-17 school year for their son's first grade education. Defendants also signed a re-enrollment form,[1] paid a $1500 tuition deposit, and received an invoice showing the balance of tuition owed, $21,400, and a May 9, 2016 due date.[2]

On May 30, 2017, plaintiff received defendants' check paying the unpaid balance in full, along with the signed invoice. Defendants then sent plaintiff an email on June 13, 2017, advising of their intention to withdraw their son from the school, "[a]s we're moving." In the same email, defendants requested plaintiff refrain from depositing the tuition check for the 2016-17 academic year; however, it appears defendants had already stopped payment on the check, based

_____

[1] Defendants' son attended the school for pre-kindergarten and kindergarten during the 2014-15 and 2015-16 academic terms.

[2] Plaintiff later extended the due date to May 31.

A-3388-17T3

on a phone call from plaintiff's bank the following morning. Plaintiff responded by email, requesting defendants remove the stop payment on their check, and reminding them they "signed a tuition contract . . . that obligates you to pay the tuition for 2016-17 in full[,] regardless of whether [your son] is a student here or you withdraw him from the school."

When defendants failed to lift the stop payment on their check and refused to honor the balance of their tuition agreement, plaintiff instituted this action. Each side filed a motion for summary judgment. Following oral argument, the court denied defendants' motion and granted plaintiff's motion, holding there was no ambiguity in the tuition contract. Plaintiff then filed a motion for attorney's fees, as allowed by the tuition agreement. The court granted that motion, and then entered a final judgment in favor of plaintiff in the amount of $37,016.98, including $15,616.98 in attorney's fees. This appeal followed.

We apply the same standard as the trial court in reviewing summary judgment de novo. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). The evidence is reviewed "in a light most favorable to the non-moving party," and a summary judgment motion is denied "only where the party opposing the motion has come forward with evidence that creates a genuine issue as to any material

fact challenged." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 529 (1995).

On appeal, defendants assert the motion judge improperly granted summary judgment to the plaintiff as a matter of law. In another case involving a lawsuit for non-payment of private school tuition, Princeton Montessori Society, Inc. v. Leff, 248 N.J. Super. 474, 478 (App. Div. 1991), we held that "where the contract expressly provides that no deduction or refund will be made, the entire tuition is payable despite the fact that the student withdraws from the school. In these circumstances the education institution has no duty to mitigate damages."

Defendants urge us to overrule Princeton Montessori, arguing it no longer constitutes good law. We disagree.

Defendants cite an earlier case, Fayman v. Trustees of Burlington College, 103 N.J. Super. 476 (Ch. Div. 1968), where the trial court held the parents of a student liable for unpaid tuition for the first of two semesters, but declined to award damages for the second semester, since the college "complied with its legal duty to mitigate damages by obtaining a replacement" for the parents' child for the second semester. Id. at 478. However, in Princeton Montessori we specifically noted, "We disagree with the Fayman decision to the extent that it

4

. . . requires an educational institution to mitigate damages." 248 N.J. Super. at 482.

Defendants also argue the Agreement contains ambiguous language. The signed agreement states, "Parent(s) are obligated to pay for the full school year . . . . No refund or cancellation of the tuition or fees will be made . . . for withdrawal of the Student . . . ." However, if the school dismisses a student, "any tuition paid . . . will be refunded" less a pro rata portion. Ibid. Plaintiffs claim they relied on the later clause when they withdrew their son; however, the Agreement clearly contains no provision for cancellation or refund except when the school dismisses the child. Ibid. We discern no ambiguity.

"[W]here the terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written." Karl's Sales & Serv. v. Gimbel Bros., 249 N.J. Super. 487, 493 (App. Div. 1991) (citing Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)). Courts may not "remake a better contract for the parties than they themselves have seen fit to enter into, or to alter it for the benefit of one party and the detriment of the other." Ibid. (citing James v. Fed. Ins. Co., 5 N.J. 21, 24 (1950)). Here the language of the tuition agreement clearly states "[n]o refund

or cancellation of the tuition or fees will be made" when the student is withdrawn from the school.

Defendants also challenge the amount of attorney's fees and costs awarded. The Agreement defendants signed specifically provides for "an award of reasonable attorney fees and court costs against the non-prevailing." To determine attorney fees, the court must calculate a lodestar, defined as a reasonable number of hours multiplied by a reasonable hourly rate for the litigation. This evaluation must be conducted critically. Rendine v. Pantzer, 141 N.J. 292, 334-36 (1995). "The court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 337 (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). The court should also exclude hours that are not reasonably expended including those otherwise unnecessary. Id. at 335 (quoting Rode, 892 F.2d. at 1183). When the court follows these guidelines, the appellate court should not disturb the fee unless there is a "clear abuse of discretion." Id. at 317.

The motion court found the requested hourly fee of $400 per hour "clearly excessive," in light of the simple "breach of contract issue" presented; instead,

6

the court awarded attorney's fees at the rate of $325 per hour based on the court's knowledge of fees in the relevant community. The court also eliminated unnecessary hours, finding hours charged for service of the complaint were shared equally by the parties – plaintiff could have been more diligent in finding defendants' address and defendants could have been less technical in avoiding service. The court carefully reviewed the billing records of plaintiff's attorney, and rejected or reduced various items deemed unnecessary. We discern no indication the court abused its discretion in its determination of the amount of attorney's fees and costs awarded.

To the extent not specifically addressed here, defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3388-17T3